SPENCER, J.
The plaintiffs’ right to judgment, must *4 rest on the covenant of seisin, and power to sell and convey in fee-simple* The eviction stated in the decía-ration does not appear,' nor is it averred to have taken place by process of law ; (a) covenants for quiet enjoyment and a general warranty, extend only to lawful evictions. .Some of these cases* admit that the action lies for breach of covenant for quiet enjoyment, if the person to whom , . , . , , , T | the right Delongs oust the possessor. In the present case, it is not alleged, that the ouster was committed by any person having right or superior title. "
It is objected that the plaintiffs cannot recover on the covenants of seisin, and that the grantor had power to convey, because it is alleged in the declaration, that there was a total defect of title in the defendant, at the time he executed the deed, and that the covenants then broken could not be assigned over by the first grantee. There is great force in this objection, and it appears to me conclusive. Ckoses in action are incapable of assignment at the common law; and what can distinguish these covenants, broken the instant they were made, from an ordinary chose in action ? The covenants, it is true, are such as run with the land, but here the substratum fails, for there was no land whereof the defendant was seised, and, of consequence, none that he could aliene; the covenants are, therefore, naked ones, uncoupled with a right to the soil. This point was determined in the case of Lewis v. Ridge.† The court held in that case, that the covenant being broken before the plaintiff’s purchase, and so, though the covenants were against the precise incumbrance, that it was a thing in action, which could not be transferred over, and judgment was given for the defendant on demurrer. I cannot find that this case has been overruled.† Spencer’s case presents 1 *5 very distinct question, from the one now under conside- . . . r ration; it involved only the case of an assignee of a term, sued hy the lessor, with respect to the covenants, which, running with the land, are imposed upon the assignee.
I am, therefore, of opinion, that the defendant must have judgment.
Kent, C. J. Thompson, J. and Tompkins, J. declared themselves to be of the same opinion.
Livingston, J.
I cannot assent to this opinion. One of the covenants declared on, is that of a seisin in fee of the grantor. ' It since appearing, that he was not thus seised, and, of course, that this covenant was broken immediately, on executing the conveyance, it is now said that it could not be transferred, so as to entitle the assignee to an action for the breach of it.
One would naturally suppose, that every covenant in a deed, conveying an estate of inheritance, would pass with the land, and confer on the owner, however remote from a former grantor, a remedy for an unsatisfied violation of any of them, without inquiring when the right of action first accrued. They all extend, by express terms, as well to assigns ad infinitum, as to the first grantee. It comports, then, with the contract, and is in itself reasonable, that they should all form a part of every grantee’s security; nor can it be right, that those who come in under this covenant, which may be the only one in a conveyance, shall not be able to recover any part of a large consideration, merely because an alienation intervened, prior to a discovery of any defect of title. By this means a most useful covenant, and in daily use, will become a dead letter, before it can be enforced, ás, very often, repeated sales take place, before a title is discovered to be bad. We are,, however, told, that such is ^aVV’ an<^ arC re^errot^t0 some authorities. Between the case of Lewis v. Ridge* and this one, there is a dis *6 tinction which will be an excuse for not applying it in a way that the court could not have intended, and which can answer no other purpose, but that of depriving an innocent purchaser of his remedy, and of annulling (which courts sometimes take the liberty of doing) a contract, to which the parties have solemnly bound themselves. The distinction is this. In the case from Crolce, the covenant (which was to discharge all statutes, &c. in two years) was not only broken, but this was lenovm to the purchaser; for a statute, which was the incumbrance complained of, was matter of record, and the land, at the time of sale, was actually extended for its satisfaction. It was, therefore, thought that the plaintiff had bought a chose -in action, and the court (which was less indulgent formerly than at present to these bargains) set its face against him. But in cases of the kind before us, such knowledge can rarely exist; for as soon as a title is discovered to be questionable, there will generally be a stop to farther alienation. The reasoning, therefore, in this case, does not apply; for why punish a person for buying a chose in action, by a forfeiture of his remedy, when he neither knew, nor suspected,-at the time, that such a right existed? It might be asked, what makes a covenant more a chose in action after, than before its breach ? In all purchases in fee, has not the land always been considered, .as it really is, the thing bargained for, and that the covenants, without distinction, necessarily pass with it ? Thus we shall get rid altogether of the idea of purchasing a thing in action, which can only be entertained by a fanciful distinction between covenants broken, and those which may he broken in future. Is there, in reality, any thing more obnoxious or criminal in assigningthe one, than the other ? If there be any turpitude in the thing, why do courts, now-a-days, go so far in supporting transfers of chose in *7 action, as to protect the rights of an assignee, though' not a party to the record ? Another case, more recent than of Andrew v. Pearce,* which was also relied on, . proceeded on the ground of the lease being absolutely v0^ pr¡or to its assignment, and that, therefore, no interest in the land could pass under it; of course, there re-ma*ne<^ onlV a rigbt action to sell. Now, though the party in that case ought, perhaps, to have been estopped, from saying that nothing passed by his deed ; yet taking this decision as we find it, and even receiving it, late as it is, as authority, it makes in favour of the plaintiff. From the judgment delivered by Sir James Mansfield, and the reasonings of all the counsel, it is evident, that if any interest in the land had passed with the 'assignment, the covenant whenever broken, would have passed with it, and the action been supported. If so, how does it appear that nothing passed by the deed of Wil-cocks, or by the one to the plaintiffs’ intestate ? Though it was not a fee simple, (which must be the only meaning of the averment in the declaration) some smaller estate or interest may have passed, which would-have carried the covenant of seisin along with it, and been sufficient to take this case out of the principle of Andrew v. Pearce.
But this is not the ground on which I rest; it is that of the contract itself, by the words of which all the covenants passed to every grantee ad infinitum, and gave him, of course, an action in his own name, .against any preceding grantor, whether a breach happened before or after the assignment, provided no satisfaction has been obtained for it in another name. Nor is it without authority that this ground is taken; for in the case of Spencer,† in Sir Edward Coke’s reports, it was resolved, “ that if the assignee of a lessee be evicted, he shall have “ a writ of covenant, for it is reasonable if he be evicted, “ that ho shall take such benefit of the demise, as the *8 “ first lessee might, and the lessor hath no other preju- “ dice, than what his especial contract with tabfirH lessee, “^hath bo a lid him tod’ In this lease it is worthy oí té* hiark-too, hat there was no express covenant, but only words which implied one. It is not stated, it is when the breach took place, but the lessor. Without any such distinction, is placed, in relation to the sub-tenant, on precisely the same footing, as it respected a remedy on the lease, as he stood in with regard to his immediate lessee. The court mustbaVe Considered the contract oí assignment as entire, and that with it, not only the land, but all the agreements of the lessor, passed ; for it is not easy to be understood, how the covenant of warranty should pass to the grantee, as it is admitted it did, so as to give him a right to sue in his own name, and yet that a different rule is to be applied as to the covenant of seisin.
I concur in the opinion delivered, as to the mode of stating an eviction, in which respect the declaration is imperfect $ but the breach of the covenant of seisin being Well assigned, the plaintiff, in my opinion, is entitled to judgment.
Judgment for the defendant.(a)

 3 Term, 587. Woodfall 232.Esp.Dig. 273, 4. Wotton v. Hill, 2 Saund. 177. and Wms. notes, 8 & 10.

 Cro. Elis. 863.

 The same rule is laid down by Comyn's Digest, tit. Covenant, B. 3.

 The eviction which will entitle a grantee to recover on co-Tenants of warranty, need not be by judgment of law.—Hamilton, v. Cults, et. al., 4. Mass. T. R. 349.

 Cro. Eliz. 363.

 Bos. and Pull. Rep. vol. 1 p. 158.

 5 Co. 17.

 In 5 Cowen’s Rep. i3'7. it is decided, where A. giants toB. who grants to C. both grants being with warranty, then C. is evicted by a title paramount to A*s title, that C. may bring covenant directly againsi A., or be may sue B., who otl paying, &c. may sue A. and so of any successive number of warrantors. In this case, however, it was alleged that the covenant remained unbroken, until after the assignment to the plaintiff, though the declaration stated that the plaintiff was evicted by certain persons having lawful title before the defendant cenveyed to the original grantor.