Catron, Ch. J.
delivered the opinion of the court.
1st. Had the plaintiff the right to sue by the common law, or statute 32 Henry VIII, (3 Com. Dig. 257,) as assignee and purchaser of the reversion?
The purchaser of an estate, with an unexpired lease upon it, takes the lands, and is entitled to the rents and profits during the time unexpired, and the possession at its expiration. 3 Com. Dig. 256. If a breach of the covenants in the lease occurs after the conveyance to the purchaser, it is his prejudice, and he may recover therefore the damages sustained. 3 Com. Dig. 256-7. This applies to covenants running with the lands. 3 Com. Dig. 259. A covenant to occupy and leave the premises in tenantable repair at the expiration of the term, such as the one sued on, does run with the land, and. *514 the assignee of the reversion may sue the lessee if the premises be out of repair at the end of the term; but then the lease must expire and the breach take place after the assignment of the reversion; if before, the covenant is a mere chose in action, and does not pass as an incident to the land. 3 Com. Dig. 259: 1 Saund. Rep. 241, c: 2 John. Rep. 1: 2 Mass. Rep. 439, 455: 1 Chit. Plead. 10, (5th Am. Ed.)
If the time had expired at the time of the purchase and conveyance of title to the land, and the premises were out of repair, of course there was an abatement of price, and no injury to the purchaser: but if it expired after, then the estate in the land was acquired with the obligation resting on the tenant to leave the premises in repair, and he is liable to the purchaser.
The declaration does not tell us when the time expired. The title to recover is defectively set out, but in that respect only. Covenants performed were pleaded, and a verdict had. The question now is, whether, to sustain the verdict, it will not be presumed that the plaintiff proved a good title to recover?
We think the authorities sustain the verdict, and that it would be of dangerous tendency as a precedent to set it aside by arresting the judgment. 1 Tidd’s Prac. 499: 3 Black. Com. 394.
After verdict, if the issue joined be such as necessarily to require, on the trial, proof of the facts defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given a verdict, such defect or omission is cured by the verdict at common law. 1 Chit. Plead. 360, 5th Am. Ed. As where in debt for rent by the bargainee of the reversion, the declaration omitted to allege the attornment of the tenant, (a necessary ceremony to complete the title of the bargainee,) and upon nil debit pleaded, there was a verdict for the plaintiff, it was holden, such omission was cured by the yerdict by the common *515 law. 2 Show. 233, Sturnell vs. Hogg: 1 Saund. Rep. 228, and n 1.
2d. The declaration avers the covenant was assigned to the plaintiff. This of course is admitted by the plea. But it is insisted, the act of 1801, ch. 6, sec. 54, does not authorize the covenantee to assign and vest in the assignee a mere right of action. The statute is general, that bonds with collateral conditions, or for the performance of any duty, may be assigned, and the suit be brought in the name of the assignee. Had the bond been for the payment of a reasonable rent, it would have been assignable. A covenant to expend the rent by improving the premises is in substance the same, and no reason is perceived why the assignee could not sue for a breach of the covenant. The judgment will be reversed, and entered on the verdict for the plaintiff.
Judgment reversed.