Powers *v.* Thayer and Wait,

---

EMORY POWERS *v.* ASA D. THAYER AND TYLER WAIT.

*Action. Joinder of defendants. Application of the statute of 1852 (laws of 1852, p. 12,) to a joint action of assumpsit for money paid, brought by a surety against his principal and co-surety. Jurisdiction.*

Under the statute of 1852, (laws of 1852. p. 12,) a surety who has brought a joint action of assumpsit for money paid both against his principal and his co-surety, may permit either of the defendants to be discharged by the court, and may take judgment against the other.

Where, in such a case, the surety's claim against the principal is more than one hundred dollars, and his claim against the co-surety less than that sum, and the action is brought originally before the county court, and that court discharges the principal, and renders judgment against the co-surety for contribution for an amount less than one hundred dollars, and no question of jurisdiction is raised in the county court, the supreme court will not entertain the objection that the county court had not original jurisdiction of the cause.

Powers *v.* Thayer and Wait.

But in such a case, the county court would have original jurisdiction, because the plaintiff's claim against the principal exceeded one hundred dollars, and he might have elected to take judgment upon that claim and not against the co-surety.

It is well settled, that when a plaintiff brings his action in the county court in good faith, believing that he has a just claim for more than one hundred dollars, the cause will not be dismissed, because the plaintiff fails on trial to establish a claim to that amount.

Assumpsit for money paid. Plea, the general issue, and trial by the court, at the April Term, 1857,—Underwood, J., presiding.

It appeared on trial, that a promissory note of one hundred dollars, was executed by both of the defendants and signed by the plaintiff as surety. The note was solely for the benefit of the defendant, Thayer. Wait was in fact merely a surety, and this fact was known to the plaintiff, though it did not appear upon the face of the note. At the maturity of the note, the plaintiff paid the same to the holder thereof, and brought this action against both Thayer and Wait, and claimed on trial to recover contribution of Wait as co-surety.

The county court rendered judgment, *pro forma*, in favor of the plaintiff against Wait, for one-half the amount of the note and interest from its maturity. Exceptions by the defendant, Wait.

*Butler & Knowlton*, for the defendant Wait, claimed,

1. That a joint action could not be maintained against both the defendants, and cited *Mills* v. *Hyde*, 19 Vt. 59; *Kelly* v. *Steel*, 5 Esp. 194; *Brand* v. *Boulcott*, 3 Bos. & Pul. 235: *Canell* v. *Edwards*, 2 Bos & Pul. 268; 1 Parsons on Contracts, 32, 33, and cases there cited; *Lapham* v. *Barnes*, 2 Vt. 213.

2. That the statute of 1851 — laws of 1851, p. 6, — nor the statute of 1852 — laws of 1852, p. 12, — were not intended to apply to a case like the one at bar.

3. That the county court did not have original jurisdiction of the claim against the defendant, Wait, for contribution. And that the omission of the defendant to raise the question of the want of jurisdiction in the county court did not affect his right to make that objection in the supreme court. *Richardson* v. *Dennison*, 1 Aik. 210; *Glidden* v. *Elkins*, 2 Tyler 218; *Eaton* v. *Houghton*, 1 Aik. 380·

*Stoughton & Grant*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, J. This action was brought to recover the money paid by the plaintiff to take up a note which the plaintiff and the defendant Wait signed as sureties with the defendant Thayer, who was the principal in the note. It is to be inferred from the exceptions in the case, although not expressly stated, that the county court discharged Thayer, and rendered judgment against Wait for one-half the amount paid by the plaintiff.

That there could be no joint recovery against Thayer and Wait in this case, is apparent from the fact that in the promise which the law implies, from the facts which are found in the case, is not a joint promise, but is a several promise on the part of Thayer, the principal, that he will pay to the plaintiff the whole amount which the plaintiff had to pay to take up said note; while, as between the plaintiff and Wait, the obligation on the part of Wait is to contribute and pay the one half of what the plaintiff has paid.

As, therefore, there could be no joint recovery against both the defendants, had the county court authority to discharge the one and render judgment against the other? Independent of the statute on the subject, this objection would be fatal to a recovery against either of the defendants in this action; but we think the act of 1852, in page 12 of the pamphlet laws, is clearly applicable to this case. That act provides that in actions on contract, express or implied, against more persons than one, the plaintiff shall be entitled to judgment against those who shall be found liable upon the contract declared on. As this declaration contains only the general counts, for money paid, etc., it would seem from the case that the plaintiff was entitled to a judgment against either of the defendants, although not against both, and the plaintiff might elect or the court order which should be discharged.

But in this case the defendant Thayer, the principal, having been discharged, it is now insisted that the county court should not have rendered judgment against Wait, as the amount claimed and recovered by the plaintiff of him was only fifty dollars and the interest, and being less than one hundred dollars, the court had no jurisdiction of the case.

Powers *v.* Thayer and Wait.

It appears, on examining the exceptions, that this question was not raised in the county court. In cases where it is made to appear to the court in any manner or in any stage of the proceedings, that they have not jurisdiction of the parties or of the subject matter, they will dismiss the suit for that reason. But in this case the county court and this court have jurisdiction of the parties and of the subject matter, and we would not dismiss the cause for the reason assigned, even though well founded, unless the question was brought up on exceptions, to the decision of the court below.

But if the question was regularly before us, we think the objection is not well founded. The plaintiff claimed to recover the whole amount paid and as against the defendant Thayer was entititled to recover the whole amount, and, if he had elected to take judgment against him, would have had a judgment for more than one hundred dollars. This of itself would give the court jurisdiction of the case, and for aught this court can know, the plaintiff may have brought his action believing, in good faith, that he was entitled to recover the whole amount of both the defendants in this action, relying upon being able to prove, that although himself and Wait were both sureties for Thayer, still he signed the note at the request of both Thayer and Wait, and that as between the three, Thayer and Wait stood in the relation of principals to him. The rule is well established that when a plaintiff brings his action in the county court in good faith, believing that he has a just claim to more than one hundred dollars, the court will not dismiss the case for want of jurisdiction, although the plaintiff fails on trial to establish a claim to that amount.

The result is, that the judgment of the county court is affirmed.