## ATLANTIC MUTUAL FIRE-INSURANCE COMPANY *v.* YOUNG.

A promise, contained in the deposit note given by the insured to a mutual fire-insurance company, upon the issuing of a policy to him, "to pay to the company or to their treasurer" the assessments which may be ordered by the directors, is not a promise in the alternative to one of two distinct parties, but whether viewed as a promise in terms to the company, or to their treasurer, is in either case a contract with the company, for the non-performance of which the right of action exists in them alone.

When the promise in such deposit note is set out in the declaration as a promise "to pay in such portions and at such times as the directors, agreeably to the act of incorporation and by-laws of the company, may require," and the breach assigned is the non-payment of an assessment ordered by the directors, without averring that it was ordered agreeably to the act and by-laws, or without alleging the time when it was ordered to be paid, the declaration is bad on demurrer.

ASSUMPSIT. The declaration contains four counts :

1. For that the defendant at, &c., on, &c., by his note of hand of that date, by him signed, for value received in policy No. 3421, in the third class of said company, dated, &c., issued by said company, promised to pay the said company, or their treasurer for the time being, the sum of, &c., in such portions and at such times as the directors of said company may, agreeably to their act of incorporation and by-laws, require ; and the plaintiffs aver that the directors of said company on, &c., required and ordered that said defendant pay an assessment of, &c., upon said note, to cover the defendant's proportional part of the losses and expenses which had occurred in said third class, of which the defendant had notice, and hath neglected and refused to pay.

2. For one hundred dollars, money had and received.

3. For one hundred dollars, money paid, laid out and expended ; and,

4. For that the defendant at, &c., by his other note of hand, by him subscribed, for value received in policy No.

3421, in the third class in said company, dated, &c., issued by said company, promised to pay said company, or their treasurer for the time being, the sum of, &c., in such portions and at such times as the directors of said company, agreeably to their act of incorporation and by-laws, may require; and the plaintiffs aver that the directors of said company, on, &c., required said defendant to pay the sum of, &c., on demand, of which the defendant then and there had notice, whereby an action hath accrued to the plaintiffs to have and recover said sum; yet the defendant, though often requested, hath not paid the same, but neglects, to the damage of the plaintiffs, &c.

The defendant filed a general demurrer to the first and fourth counts, which was sustained by the court, and the plaintiffs excepted.

*Jordan & Rollins;* for the plaintiffs.

The defects complained of are matters of form rather than substance, and should have been demurred to specially. *Buckly* v. *Kenyon,* 10 East 139; *Bowdell* v. *Parsons,* 10 East 359. When the defect is as to date or time, the demurrer should be special. Steph. on Pl. 45, 140.

*Woodman & Doe,* for the defendant.

The promise alleged is to pay the said company, *or* their treasurer—in the alternative. A promise in this form is in law a promise to the two parties as joint promisees. *Willoughby* v. *Willoughby,* 5 N. H. 244. The breach of the contract is not well laid, it not being alleged that the assessment, the non-payment of which is set out as the breach, was ordered agreeably to the act and by-laws. The breach is more extensive than the promise. *Coe* v. *Saunders,* 36 N. H. 252, 262; 1 Ch. Pl. 355–368. In the first count it is not alleged that any time was fixed when the defendant was to pay.

SAWYER, J. Two grounds of demurrer are taken, which are common to both counts, namely, first, that they set out the note declared on as payable in the alternative, to the company or to their treasurer; and, second, that they do not allege that the assessment, for non-payment of which the plaintiffs seek to recover, was made agreeably to the act of incorporation and by-laws of the company. A third ground is taken, which applies only to the first count, that the time limited for payment of the assessment is not alleged.

The first ground cannot be maintained.

The contract as set forth is not, as in *Willoughby* v. *Willoughby*, 5 N. H. 244, a promise to two distinct parties in the alternative, in which case the contract is held to be made with both as joint promisees. It is a contract with and promise to the company, and equally so whether described as a promise to pay to their treasurer, or to the company without reference to the treasurer. *Piggott* v. *Thompson*, 3 B. & P. 147. The same party is designated as promisee in either case, to wit, the company. The contract is with them, upon a consideration proceeding from them, and can in no view be regarded as a contract with and promise to the company, and also the person who may be treasurer when the payment is to be made, as joint promisees. The promise is to the company to pay them, and the insertion of the words, "or their treasurer," merely introduces a stipulation that the payment agreed to be made to them shall be considered as made to them, so as to fulfill the contract, if made to the person who may then be their treasurer.

The other ground of demurrer to both counts is well taken. The contract is alleged to be to pay in such portions and at such times as the directors may require, agreeably to the act and by-laws. The breach assigned is the non-payment of an assessment required by the directors, without alleging that it was made in conformity to

the act and by-laws. This is matter of substance, and open to general demurrer. In assigning the breach of a contract affirmatively or negatively, it may be done by using the words of the contract, provided the affirmation or negation in that form necessarily amounts to a breach, or it may be in words containing the sense and substance of the contract, but they must be coextensive with it in their import and effect. 1 Ch. Pl. 326–328; Com. Dig., Pleader, C, 45, 47; 2 Saund. 181; *Greenby* v. *Wilcox*, 2 Johns. 1. If the breach assigned is more enlarged or more limited than the contract alleged, it is bad on demurrer, as in covenant to repair a fence, except on the west side, and a breach that the defendant did not repair generally, without restricting it to other parts than the west side; and in covenant for quiet enjoyment without lawful disturbance, and a breach that the plaintiff was disturbed, without alleging how or by whom, constituting a lawful disturbance. Here the contract is to pay such assessments as may be ordered by the directors, agreeably to the act and by-laws, while the breach is enlarged to the nonpayment of an assessment ordered by the directors, whether made in conformity to the act and by-laws or not.

The demurrer would also seem to be well taken as to the first count, upon the ground that the time fixed for the payment of the assessment is not alleged. The contract is to pay at such times as the directors may require. The breach as set out may include an assessment ordered to be paid on some day subsequent to the commencement of the suit as well as prior.

The exception taken to the ruling of the court below sustaining the demurrer must be overruled. The plaintiff will probably obtain leave to amend in that court upon such terms as will be equitable.