AUSTIN KENT v. TOWN OF WALLINGFORD.

*Highways. Land Damages. Judgment. Execution. Waiver. Statutes.*

Where a petition prays for a highway extending into two towns in the same county, the county court has original jurisdiction, and this is not taken away by the road being laid in one town only. (Gen. Sts., ch. 24, § 52.)

When the time fixed for paying land damages has expired and the same are not paid, the claim therefor becomes a perfected judgment against the town, upon which the land owner is entitled to execution immediately. (Gen. Sts., ch. 24, § 70.)

Before the General Statutes went into effect, the discontinuance of a highway, before it was built, did not affect the judgment of a land owner, over whose land it had been laid, for his land damages; but the law was changed by the adoption of sections 82 and 83 of chapter 24 of the General Statutes.

Nor would the loss of the ,right to build the highway by lapse of time affect the judgment of a land owner.

A change in the location of the highway with the assent of the land owner, but without agreeing to waive his damages, or his judgment for damages, would not affect his claim beyond his intention in giving the assent.

Nor would a new appraisal of damages by' the selectmen, after the change of the location, affect the judgment the land owner already had, without his agreement to that effect.

SCIRE FACIAS, to recover the sum of one hundred and eighty dollars and interest, awarded the plaintiff as land damages in a proceeding laying out a highway across the plaintiff's land. Plea, *nil debit*, and notice of special matter in defense. Trial by court, March term, 1869, PROUT, J., presiding.

The declaration alleges in substance that Austin Constantine and more than seven others named, freeholders in Wallingford and Mount Tabor, on the 28th day of July, 1859, prayed out their petition to the Rutland county court, September term, 1859, to appoint commissioners to lay out a highway from a point named in Wallingford to a point named in Mount Tabor ; that said court

appointed three commissioners in pursuance of said petition, who proceeded according to the statutory provisions in that behalf, and laid out a highway extending from a point in said Wallingford to near the Mount Tabor line, deciding that the public good and convenience of individuals did not require it to extend into Mount Tabor, and caused the same to be surveyed, and upon due notice and hearing awarded land damages to the several land owners over whose land said highway was laid, and awarded to the plaintiff one hundred and eighty dollars ; that said commissioners made their report to said court at the September term, 1860 ; that said cause was continued to the March term, 1861, of said court, when said report was accepted and confirmed, and the said road laid out and established and time fixed for the lands to be opened for working the road, and for completing the same, which was to be by the first day of October, 1862, and that the land damages be paid to the owners of the land over which the road was laid, by the first day of October, 1861 ; that the said town of Wallingford has built said highway, and taken and used the said land of the plaintiff, and has not paid him said land damages.

The defendants' notice embraced a statement of the facts which their evidence, as stated below, tends to prove.

The plaintiff in support of his claim introduced in evidence a record of the proceeding, showing the appointment of commissioners, the laying out and establishing of said highway, as well as the appraisal and award of land damages to the plaintiff ; also the original petition or complaint to said court of Henry H. White and others against the defendant town, made returnable to said court at its March term, 1866, which was duly entered, but was discontinued at the September term, 1866, of said court, and after the highway hereinafter referred to had been made by said town ; which petition prayed that said town of Wallingford should be fined in a sum sufficient to construct said road as ordered by said court, and a commissioner be appointed to construct said road agreeably to the statute in such case made and provided.

The plaintiff also introduced in evidence a certified copy of the proceedings of said county court, and on record in the town clerk's office in said town of Wallingford, and certified by the town clerk

of said town, and recorded in said office August 16, 1861, and which relates and refers to the highway set forth in the plaintiff's writ.

· It was admitted that the land damages awarded the plaintiff by the commissioners laying said road had not been paid the plaintiff, and thereupon the plaintiff rested his case.

The defendant introduced several witnesses, and among them the town agent of Wallingford, and some of the petitioners praying for the appointment of commissioners to lay out said highway, from whose testimony it appeared that, with a view of making said road laid out by said commissioners a town road, or so that the town could control it, the said town agent and selectmen of the town entered into an arrangement with the said petitioners praying for said road by which the working of said road laid out by said commissioners was to be delayed for the period of three years, upon the understanding that the selectmen of the town would then lay out a town road, and that at the expiration of that time the town did lay out in the manner indicated by the survey thereof hereinafter referred to, and made and opened the same for travel. That at the time of the survey thereof the plaintiff assented to its being laid, surveyed and made in other places, wherein that survey varies from the survey of the commissioners; and their testimony also tended to show, and the court found, that the plaintiff was present when the road was surveyed by the selectmen over a part of his premises, and that on that occasion the selectmen assessed his land damages at the sum of fifty dollars, and offered to pay it to him, which he refused to receive and appealed, but said appeal was afterwards abandoned, it having been taken under a misapprehension. The defendants also gave in evidence the justice's record of the proceedings upon said appeal so taken by the plaintiff, and the survey of said road made May 21, 1866. The defendants' evidence also tended to show that upon the survey of said road by the selectmen, as above set forth, it was agreed by all parties, including the plaintiff, that the county court proceedings establishing said road were to be abandoned and given up, but the plaintiff's testimony as well as the evidence of another land owner affected by said proceedings tended to contradict it.

The survey of said selectmen was substantially the survey made by the commissioners appointed by the court upon the plaintiff's land, varying only twenty-four feet from the line surveyed by said commissioners, and this divergence was only from ten to fifteen rods in length, and the rest of the distance on the plaintiff's land was the same as surveyed by the commissioners. The whole distance through the plaintiff's land is over two hundred rods.

Upon the testimony the court found that the plaintiff assented to the survey being made by the selectmen for the purpose of giving the town the control of the road, but did not intend to waive his claim for land damages as awarded by the commissioners, and that another of the land owners through which said road was laid by said commissioners was not consulted, and was not a party to the understanding set up by the defendant, but upon these facts the court *pro forma* held that the plaintiff was not entitled to recover and rendered judgment for the defendants, to which decision the plaintiff excepted.

The defendants filed a general demurrer to the declaration. The court decided the demurrer insufficient, and overruled the same, to which the defendants excepted.

*E. Fisher*, for the plaintiff.

The agreement to abandon the proceedings instituted in the county court was only for the purpose of enabling the town to control the road. The parties had no other object in view. It was not understood or agreed that the plaintiff would relinquish or waive his claim for any damages awarded him by the commissioners. Upon those facts the plaintiff is not estopped asserting it. *Fletcher* v. *Bennett*, 36 Vt., 659. The acceptance of the report of the commissioners by the county court is in legal effect a judgment in that proceeding and until set aside remains in full force. The parties affected by it can make no agreement qualifying its effect, and as long as it remains in force unreversed the parties can enforce adjudicated rights under it. *Rand* v. *Townsend*, 26 Vt., 670 ; *Fletcher* v. *Bennett, supra.*

The laying out and working the road by the town under a survey of the selectmen is no consideration for the agreement, and

is void. Again it is void as against public policy. The town has done no legal act relying upon the agreement. They lay out a road only on petition to the selectmen. Gen. Sts., chap. 24, § 19 and 24. These sections should be construed together. *Pritchard* v. *Atkinson*, 3 N. H., 335.

As to the defendant's demurrer, the only question made below was as to the jurisdiction of the county court accepting the report of the commissioners, they laying only a part of the highway petitioned for. In the case of *Burgess* v. *Georgia*, 11 Vt., 134, it was held that the court will only examine the petition itself to determine the question of jurisdiction.

*E. Edgerton* and *D. E. Nicholson*, for the defendants.

This case, within the principle of section 44 of chapter 24 of the General Statutes, and the demurrer, raises an issue fatal to the plaintiff's case. Also, upon the facts found on trial, the case is, on its merits, fairly with the defendant, and section 32 of chapter 24 of the General Statutes, on *careful* consideration, is not in conflict with said section 44.

The selectmen and agent of Wallingford, and petitioners for the *county* road, entered into an agreement that the proceeding in the county court should not be acted upon; that the limitation of three years should be allowed to expire, and the town should then lay out and make a "town road." The town carried out that agreement. The selectmen laid out, made and opened the road, (with certain deviations from the survey of the county court commissioners,) "*as a town road.*" They never acted upon the order of the county court. To this arrangement and action of the selectmen the plaintiff assented. He attended the selectmen's survey; concurred in changing the location of the road on his own land; recognized the assessment of his damages by the selectmen, (objecting only to the amount); took an appeal, and procured the appointment of commissioners for a re-assessment. During all this stage of the business he made no claim to the damages awarded by the county commissioners. His conduct shows a waiver of any such claim, and his acquiescence in the action of the town, and the other parties, in abandoning the road as a

*county* road and making it a "*town road.*" And the officers of the town were entitled so to understand it. See *Stiles* v. *Middlesex*, 8 Vt., 440.

The *intention* of the plaintiff, not to waive it, was not revealed to the selectmen, and his present action is a fraud upon them.

The opinion of the court was delivered by

WHEELER, J. The petition in the original case prayed for a highway extending into Wallingford and Mount Tabor, and upon its face the county court had rightful jurisdiction of it. Ultimately a road was laid out lying wholly in Wallingford, which the selectmen of that town would have had jurisdiction to lay out and establish, but the fact that the selectmen would have had jurisdiction did not operate to take away the jurisdiction that the county court had rightfully acquired. *Powers* v. *Thayer et al.*, 30 Vt., 361. The demurrer to the declaration was properly overruled.

When the time within which the defendants were ordered to pay to the plaintiff his land damages had expired, and the damages had not been paid, his claim for damages became a perfected judgment against the defendants, upon which he was entitled to execution immediately. Comp. Sts., ch. 22, § 58, then in force. Gen. Sts., ch. 24, § 70.

This suit is brought by the plaintiff to enforce that judgment, and he is entitled to recover unless something has been done since the judgment to annul or satisfy it.

Before the General Statutes went into effect, the discontinuance of a highway before it was built did not affect the judgment of a land-owner, over whose land it had been laid, for his land damages. This was held in the case of the *Town of Townshend* v. *Josiah Taft*, decided at the general term, 1862, and not reported. That was a bill in equity brought by the town of Townshend to be relieved from the effect of a judgment for land damages, and to have the collection of the execution issued upon it enjoined, upon the ground that a large part of the highway had been discontinued without having been built. The relief was denied and the bill dismissed. Similar decisions were made in Massachusetts with reference to similar judgments upon statutes substantially like ours

in respect to them. *Harrington* v. *Commissioners of Berkshire*, 22 Pick., 263; *Hallock* v. *County of Franklin*, 2 Met., 558; *Harding* v. *Medway*, 10 Met., 465.

Our law was changed by the adoption of sections 82 and 83 of chapter 24 of the General Statutes. It is not claimed that the provisions of these sections have any bearing upon the decision in this case, and they do not in fact have any such bearing; they apply only to cases where proceedings are regularly had for the discontinuance of an unbuilt highway; and no such proceedings have been had in this case. This case stands therefore just as it would have stood when *Townshend* v. *Taft* was decided.

It is clear that if the discontinuance of the highway would not have affected the plaintiff's judgment, the loss of the right to build the highway by the lapse of time would not; especially when the time was suffered to elapse under an agreement that substantially the same road should be built although under different authority. The time was suffered to elapse without building the road to enable the defendants to have a road laid there which could be controlled by the selectmen of the town and not for the purpose of relieving the plaintiff's land. The survey was changed in some places but whether to the benefit of the plaintiff or not does not appear; but whether he was benefitted by the change or not, it would not affect his judgment for damages unless he agreed that it should, and it does not appear that he made any agreement about it. He assented to the change in the survey, but did not intend to waive his claim for damages. He might well assent to the change in the survey without agreeing to waive his damages, or his judgment for damages, therefore his assent in this respect cannot be held to affect his claim beyond his intention.

The new appraisal of damages by the selectmen was a proceeding that the plaintiff did not invite or assent to and that he could not prevent; it had no relation to the judgment he already had, and could not affect it without his agreement. No such agreement is found in the case and the proceeding was wholly nugatory.

The judgment of the county court is reversed and judgment for the plaintiff for his original judgment with interest and costs.