LINDLEY M. FLEET *v.* OTIS H. WAIT.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed June 5, 1907.

*Covenant—Covenants of Title and Against Incumbrances—*
*Breach—Declaration—Sufficiency.*

A declaration for breaches of the ordinary covenants in a warranty deed
   is bad on demurrer, where the only breach relied on is eviction by
   a city under an agreement with defendant, made more than two
   years before plaintiff's deed, to give it five feet of the land for
   widening a street, on condition that the work should be done that
   year, and there is no allegation of the time when the city entered
   upon the premises.

An agreement by an owner of lots to give the city five feet therefrom
   for widening a street, on condition that the work should be done
   that year, does not constitute an "incumbrance" within the meaning
   of a covenant against incumbrances in a deed of the land executed
   two years later.

COVENANT. Heard on general demurrer to the declaration,
at the December Term, 1906, Windsor County, *Taylor,* J., pre-
siding. Demurrer sustained, *pro forma,* and declaration ad-
judged insufficient. The plaintiff excepted. Cause passed to
the Supreme Court before trial. The opinion sufficiently states
the substance of the declaration.

*W. F. Stephens.* and *Harvey, Harvey & Harvey* for the
plaintiff.

The eviction set forth in the declaration constitutes a breach
of the covenants of seisin. A covenant of seisin has been de-
fined to be "an assurance to the purchaser that the grantor has
the very estate in quantity and quality which he purports to
convey." It is broken if there is a material deficiency in the

12

quantity of land called for by the deed. *Wetzel* v. *Richcreek,* 40 N. E. 1004; *Real* v. *Hollister,* 29 N. W. 189.

Said eviction is also a breach of the covenant against incumbrances. *Spurr* v. *Andrew,* 6 Allen 420; *Prescott* v. *Trueman,* 4 Mass. 627; *Kellogg* v. *Ingersoll,* 2 Mass. 97; *Blake* v. *Everett,* 1 Allen 248; *Shute* v. *Barnes,* 2 Allen 598; *Isele* v. *Arlington Sav. Bank,* 135 Mass. 142.

*Frederick C. Southgate* and *Stickney, Sargent & Skeels* for the defendant.

MUNSON, J. The declaration is for breaches of the covenants in a deed of certain lots in Brockton, Mass., is in two counts, and ·is demurred to generally. Both counts allege an eviction by the city under an agreement of the defendant to give five feet from the front of said lots for widening the street. This is set up in the first count as a breach of each of the several covenants, and in the second count, as a breach of the covenant against incumbrances. The defendant's agreement, as set up in both counts, is dated April 10, 1897, and is upon condition that the work be done that year. His deed to the plaintiff is dated September 9, 1899. There is no allegation of the time when the city entered upon the premises. If the entry was after the time limited it was not by virtue of any right conferred by the agreement. The agreement did not constitute an incumbrance when the deed was given, for the time allowed for an exercise of the right had then expired.

*Judgment affirmed and cause remanded.*