P. S. McKILLOP v. O. A. BURTON'S ADMR. AND D. N. BURTON.

May Term, 1909. .

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed October 6, 1909.

*Covenant Broken—Improper Joinder—Heir and Administrator —Effect of P. S. 1530—Decedent's Debts—Liability of Heir or Legatee—Ouster In Pais—Requisites—Sufficiency of Allegation—Evidence—Presumption—Official Proceedings and Acts.*

A declaration in covenant against the covenantor's heir and administrator is a misjoinder and bad on demurrer.

P. S. 1530, allowing a plaintiff in an action founded on contract to have judgment against such defendants as upon trial are found liable, notwithstanding they are not all jointly liable, applies only where a case is tried on the merits, and has no application in determining the sufficiency of a declaration on demurrer for misjoinder. *Powers* v. *Thayer*, 30 Vt. 361, distinguished.

A covenant of warranty does not create a debt till the covenant is broken.

P. S. 2914 provides that, if a claim against a decedent's estate becomes absolute after the time limited for creditors to present their claim, it may, within one year after it accrues, be presented to the executor or administrator, who shall pay it to the extent that he then has assets. P. S. 2915 provides that when a claim is so presented and there are assets sufficient to pay only a part of it, the creditor may recover the remainder from a part or all of the heirs, devisees, or legatees who have received real or personal property from the estate. *Held*, that there is no liability under P. S. 2915 so long as the executor or administrator has assets sufficient to pay claims properly presented under P. S. 2914.

In order that an ouster *in pais* should amount to an eviction, it must be lawful, and, to be lawful, the adverse claim must be asserted by or in the interest of one having a better title.

In a declaration for breach of a covenant of warranty, the allegation that plaintiff surrendered the premises to a designated person, who claimed them under a mortgage deed of the reversion and decree

of foreclosure, as widow and heir of the mortgagee, is an insufficient averment of eviction, for it does not necessarily follow that as such widow and heir she became the owner of the reversionary right.

In an action for breach of a covenant of warranty, where plaintiff yielded to a claim of title without suit and without judgment on notice to the covenantor to defend his title, plaintiff must allege and prove that the title to which he yielded was good.

It will be presumed after twelve years from the appointment of an administrator, in the absence of any showing to the contrary, that commissioners to adjust claims were appointed as the statute requires, and that the time within which claims could be presented was not so extended that the whole time exceeded the two years limited by P. S. 2820.

COVENANT. Heard on demurrers to the declaration at the September Term, Franklin County, *Powers*, J., presiding. Demurrers overruled and declaration adjudged sufficient. The defendants excepted. The opinion states the case.

*F. S. Tupper* for the defendants.

In no case can the executor and heir be sued jointly. 1 Chit. Pl. 61. The heirs and devisees of the covenantor are not liable for the covenantor's covenants where the personal estate is sufficient to pay the debt. *Woods* v. *Ely*, 7 S. Dak. 471; *Tabb* v. *Benford*, 26 Am. Dec. 317. The covenant of warranty is a covenant real which binds the heir as to assets real by descent, and the executor or administrator as to personalty. *Booth* v. *Starr*, 5 Am. Dec. 149; *Mitchell* v. *Warner*, 5 Conn. 517.

Where plaintiff relies on an ouster *in pais* he must allege and prove that the title to which he yielded was good. *Williams* v. *Wetherbee*, 1 Aik. 233; *Phelps* v. *Sawyer*, 1 Aik. 158; *Park* v. *Bates*, 12 Vt. 387; *Turner et al.* v. *Goodrich*, 26 Vt. 707; *Clement* v. *Rutland Bank*, 61 Vt. 298.

The declaration does not allege notice to defendants, but it seems necessary in this State to allege and prove an eviction by a person having lawful title or what is equivalent thereto, and to aver that the person evicting had a lawful title which accrued before the date of the conveyance or covenant declared on, and

is independent.  *Pitkin* v. *Leavitt,* 13 Vt. 379; Rawle on Covenants, pp. 198, 199; *Hamilton* v. *Cutts,* 4 Mass. 353.

*Lee S. Tillotson* for the plaintiff.

This declaration is sufficient as was decided in *Clark* v. *Winchell,* 53 Vt. 408.  The allegation of breach and ouster is sufficient.

Whenever the grantee finds the premises in possession of one claiming under paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken without any other act on the part of either the grantee or the claimant. *Clark* v. *Conroe,* 38 Vt. 469.

WATSON, J.  The covenant alleged to have been broken is contained in a deed dated December 9, 1891, duly executed, acknowledged and recorded, from Oscar A. Burton to William Gordon in and by which deed the said Burton did covenant and engage for himself, his heirs, executors and administrators with the said Gordon, his heirs, executors, administrators and assigns that he, Burton, would warrant and defend the land and premises in said deed described, to said Gordon, his heirs and assigns, against all lawful claims and demands of any person or persons whomsoever.  Immediately on receipt of the above mentioned deed and thereunder, Gordon entered into possession of said land and premises. Later on the same day by his warranty deed of that date duly executed, acknowledged, and recorded, Gordon bargained and sold the same land and premises to the plaintiff to have and to hold to him and his heirs and assigns forever; and the plaintiff immediately entered into the possession and occupancy thereof.

One of the pieces of land described in and conveyed by the above named deeds was a building lot on Pine and Laselle streets in St. Albans, which is the land here in question.  In this piece of land, at the time of the execution of his aforementioned deed, Burton owned but a leasehold estate, holding by conveyance from the lessees in a lease executed and delivered prior to August 1, 1870, by Myron Buck, then the owner of said land, to C. C. Burton and Ralph Laselle for a period as long as wood grows and water runs.  By the terms of this lease the lessees for them-

selves, their heirs, and assigns, undertook and promised to pay to the lessor, his heirs and assigns, an annual rent of thirty dollars.

It is alleged that at the time Burton entered into the covenant declared upon T. S. Wood was the owner of the reversion in the land in question by virtue of a certain mortgage deed thereof executed to him by the lessor March 18, 1873, and a decree of court foreclosing the same in the year 1883. On July 1, 1906, Martha A. Wood, the widow and heir of T. S. Wood, as such claiming under said mortgage deed and the decree of foreclosure, demanded of the plaintiff that he forthwith surrender to her the land in question, and that he pay the rent thereon as reserved in the above mentioned lease for the time he had occupied the premises. Thereupon the plaintiff surrendered the premises and paid the rent as demanded. Until then the plaintiff had no knowledge of any claim to the land by T. S. Wood or by his widow and heir. The loss of the full amount of the consideration paid by the plaintiff for the land in question, and of other sums specified, are alleged as damages.

Oscar A. Burton died February 1, 1894, and on the first day of May following N. N. Post was duly appointed administrator of his estate. At the time of the commencement of this suit the estate was yet unsettled and the administrator had assets more than sufficient to satisfy the claim of the plaintiff. Also D. N. Burton, the sole heir and residuary legatee under the last will of Oscar A. Burton, has received of the estate more than sufficient to satisfy the demand in this suit. The heir and residuary legatee and the administrator being joined as defendants in this action, the declaration is bad on demurrer. "A man cannot maintain one writ jointly against the heir and against the executors." Vin. Abr. Actions, c. d. Pl. 8; 1 Chit. Pl. 53; *Cunningham* v. *Town of Orange,* 74 Vt. 115, 52 Atl. 269.

It is said by the plaintiff, however, that the allegations of the declaration make out a case entitling him to recover against either defendant, although not against both; and that in such case the statute permits the parties to be joined, and on trial the plaintiff may elect or the court may order which shall be discharged, referring to *Powers* v. *Thayer,* 30 Vt. 361. The statute here referred to provides that in an action founded on contract, express or implied, in which more persons than one are defendants, the plaintiff may have judgment against such defendants

as are defaulted, and against those who upon trial are found liable, notwithstanding it is found that all are not jointly liable. P. S. 1530. This statute by its terms is applicable only when the case is upon trial on the merits. It has no application in determining the sufficiency of the pleadings on demurrer, and *Powers* v. *Thayer* is not an authority to the contrary. There the case had been tried by the court below on the merits. It was in this Court on exceptions to the judgment rendered on the facts found, and the opinion goes no further than the requirements of the case.

Moreover, the declaration shows no cause of action against the heir and legatee. A covenant of warranty is not considered a debt until the covenant is broken (*Blackmer* v. *Blackmer*, 5 Vt. 355; *Clark* v. *Winchell*, 53 Vt. 408), which at all events on the plaintiff's allegations was not before July 1, 1906. Prior to that time certainly the claim was contingent and unknown to the plaintiff. By P. S. 2914, if a claim of a person accrues or becomes absolute after the time limited for creditors to present their claims, the person having such claim may present it to the executor or administrator within one year after it accrues, and the executor or administrator shall pay it, if at the time of presenting it, he has sufficient assets, and shall pay such part as he has assets to pay. And section 2920 contemplates that an action may be brought against the executor or administrator on such claim. By section 2915, when a claim is presented to the executor or administrator in conformity with the provisions of the preceding section and he has not sufficient assets to pay the whole of it, the creditor may recover the balance thereof against a part or all of the heirs, devisees, or legatees who have received real or personal property from the estate; but an action therefor shall be commenced within one year from the time the claim was presented to the executor or administrator. By fair construction, there is no liability under this last section so long as sufficient assets remain in the hands of the executor or administrator to pay the claims properly presented to him under the provisions of section 2914. And since it is alleged in the declaration that the defendant administrator still has in his hands property belonging to the covenantor's estate more than sufficient to satisfy the claim in suit the declaration shows no cause of action

against the heir and legatee.     See *Hutchinson* v. *Stiles,* 3 N. H. 404.

It is contended that the facts alleged do not show an eviction, and consequently no cause of action is shown.     With this contention we quite agree.     The declaration shows that the paramount title was hostilely asserted by Martha A. Wood, widow and heir of T. S. Wood, claiming the premises under his title to the reversion, as such widow and heir, and that the plaintiff surrendered the premises and paid the rent reserved by the lease during the time of his occupancy in compliance with her demands.     But in order that such an *ouster in pais* should amount to an eviction, it is necessary that the ouster shall be lawful, and to be lawful the adverse claim must be asserted by, or in the interest of, one having a better title.     The declaration does not show that Martha A. Wood was the owner of the reversion at the time of making the aforesaid demands, nor does it show that she was then acting in the interest of such owner. The allegation that she made the demands claiming the premises, ''under and by virtue of said mortgage deed and decree of foreclosure, as widow and heir of said T. S. Wood'' is not enough. It does not necessarily follow in law that as such widow and heir she became and was the owner of this reversionary right. The plaintiff yielded to a claim of title without suit and without judgment on notice to the covenantor to defend his title, consequently the burden is upon him to allege and show that the title to which he yielded is good.     *Turner* v. *Goodrich,* 26 Vt. 707; *Hamilton* v. *Cutts,* 4 Mass. 349, 3 Am. Dec. 222.     In the last named case Chief Justice Parsons delivering the opinion of the court said: ''It is true that, if the tenant consents to an unlawful ouster, he cannot afterwards be entitled to a remedy for such ouster.     But an ouster may be lawful; and in that case the tenant may yield to a dispossession, without losing his remedy on the covenant of warranty, * * *.     But he consents at his own peril.     If the title, to which he has yielded, be not good, he must abide the loss; and in a suit against his warrantor, the burden of proof will be on the plaintiff; although it would be otherwise in case of an eviction by force of a judgment at law, with notice of the suit to the warrantor;'' *Greenby* v. *Wilcocks,* 2 Johns. 1, 3 Am. Dec. 379; *Greenvault* v. *Davis,* 4 Hill, 643; *Fleet* v. *Wait.* 80 Vt. 177, 66 Atl. 1031.

It is further urged that the declaration contains no allegation showing that the time has expired for the presentation of claims before the commissioners on the decedent's estate.   It appears however that more than twelve years elapsed after the appointment of the administrator and before the hostile assertion of a paramount title by Martha A. which alone is alleged and relied upon as an eviction.   On the appointment of the administrator, the statute required the probate court to appoint commissioners to receive, examine, and adjust claims against the deceased, unless it appeared that there were no such debts existing. R. L. 2115, P. S. 2814; *Powers* v. *Powers' Estate,* 57 Vt. 49. After this length of time the Court will assume, in the absence of anything to the contrary appearing, that there was a compliance with the law in this regard, and that the time in which claims could be presented was not extended beyond what the law would allow, namely, so that the whole time should not exceed two years.   R. L. 2121, P. S. 2820.   If for any reason the appointment of commissioners was omitted before the commencement of this action, the plaintiff may prosecute his claim against the administrator.   P. S. 2856.

Some other objections are made under the demurrer, but very likely they will be obviated in the new or amended declaration necessary to be filed if the case is to be further prosecuted.

*Judgment reversed, demurrers sustained, declaration adjudged insufficient as to each defendant, and cause remanded.*