## ALICE MORRISSEY *vs.* AMOS R. INGHAM.

In an action for carnally knowing the plaintiff by force and giving her a venereal disease evidence of her statement to the physician who was treating her for the disease, that the defendant had connection with her three months before, is inadmissible.

In an action for carnally knowing the plaintiff by force and giving her a venereal disease, the plaintiff introduced evidence tending to show that the defendant's wife had such a disease. *Held*, that the defendant might ask a physician who was a witness and who had practised more or less in the defendant's family, whether he ever saw any appearance of such disease in his family.

In an action for an assault, the defendant's wife, who was a witness on his behalf, was asked on cross-examination if she gave a present to a magistrate about the time the plaintiff was trying to obtain a warrant from the magistrate against the defendant for

the assault. There was no evidence of any attempt to procure a warrant, and the defendant conceded that the witness had a strong bias in his favor. *Held,* that the exclusion of the question put was within the discretion of the judge.

In an action for carnally knowing the plaintiff by force and giving her a venereal disease, evidence that some months before the alleged assault the defendant slept one night in a house of ill fame may properly be excluded as immaterial.

In an action for carnally knowing the plaintiff by force and giving her a venereal disease, a statement by the judge to the jury that the charge was said to be one easily made, but difficult to be disproved, is not open to exception as a charge in respect to matters of fact within the Gen. Sts. *c.* 115, § 5.

TORT. The declaration alleged that the defendant, "with force and arms, debauched and carnally knew the plaintiff by force and against her will, and then gave her a loathsome and contagious disease." Trial in the Superior Court, before *Wilkinson*, J., who, after a verdict for the defendant, allowed the following bill of exceptions :

" The plaintiff introduced evidence tending to prove the assault set forth in her declaration made upon her about November 1, 1867, and that she was then living in the family of the defendant and was between nine and ten years of age.

The plaintiff introduced the testimony of a physician who was called to see her about three months after the time of the alleged assault, and who testified, among other things, that, in his opinion, she had at the time he called to see her the disease known as gonorrhœa ; that he did not think so when first called to see her and at first treated her for a different disease ; that his opinion that it was gonorrhœa was formed from his examination of her and from what she told him at the time of his examination ; and that he treated her for gonorrhœa, and the disease yielded to this treatment. The plaintiff offered further to prove by this witness that when he was examining the plaintiff for the purpose of ascertaining what the disease was, and while he was trying to cure her of the same, he asked her to tell him all she knew about it ; and that she then told him that the defendant came to her bed in the night time, and had sexual intercourse with her about three months before ; but the judge excluded this evidence, and the plaintiff excepted.

The defendant introduced testimony tending to prove that there were two kinds of gonorrhœa, one contagious and the other not

contagious, but arising from various causes. After this testimony was put in, the judge said he would allow the plaintiff to put in the testimony of the physician as to the statements of the plaintiff to him, before excluded; and the physician, being voluntarily absent, was sent for by the plaintiff, but did not come into court again till after the defendant's counsel had begun his argument to the jury. Nothing more was said about the matter either by the judge or counsel, although the arguments were not concluded until the following day. The physician lived about one eighth of a mile from the court-house where the case was being tried.

One of the physicians called by the defendant, who had practised more or less, but not exclusively, in the defendant's family, was asked by the defendant if he ever saw any appearance of gonorrhœa in the defendant's family, and he was allowed to answer, against the plaintiff's objection, that he never did. He further testified that he had attended the defendant's wife in child birth, both before and since the time of the alleged assault, and that he saw nothing of the kind upon her. Other physicians, who, it appeared, had practised in the defendant's family, were not called by either party. The plaintiff had previously testified that the defendant's wife was taking the same kind of medicine that the plaintiff took for gonorrhœa; the defendant claimed that the foregoing evidence was competent in reply to that; and the judge, after asking the plaintiff's counsel if they relied upon said evidence in relation to the medicine taken by the wife in support of their case, and being answered in the affirmative, allowed the answers to be given as above, against the plaintiff's objection.

The defendant called his wife as a witness, who testified to material matters for the defendant. Upon cross-examination she was asked if she gave the magistrate of the Police Court a vase of wax flowers, as a present, about the time the friends of the plaintiff were trying to obtain a warrant from the magistrate against her husband for ravishing the plaintiff, and if so, why she made him such a present. The judge asked upon what ground it was claimed that this question was competent; and the plaintiff stated that it was for the purpose of showing bias in the witness, if for no other purpose. The defendant stated that

it was conceded that she had strong bias and prejudice. The defendant objected to the evidence generally upon all grounds, there was no evidence that there had been any attempt to procure a warrant; and the judge excluded the evidence.

After the defendant had rested his case the plaintiff called a witness and offered to prove by him that some time in the spring or summer of 1867, the defendant slept one night in a house of ill fame in Boston, but the judge rejected the evidence.

In his charge to the jury the judge said, among other things to which no objection was made, that the charge made in the declaration was said to be one easily made, but difficult to be dis‧ proved. The plaintiff alleged exceptions.

*E. J. Sherman & E. T. Burley*, for the plaintiff.

*D. Saunders*, for the defendant.

BY THE COURT. The plaintiff fails to sustain the burden resting upon her as the excepting party as to any of the exceptions taken at the trial.

1. The plaintiff's offer to prove by her attending physician her statements to him was rightly rejected, because it included a statement that the defendant was the person who had had in‧ tercourse with her, which could not affect the nature of her disease or the physician's understanding thereof, and the physician's testimony to which would be mere hearsay evidence, directly tending to prejudice the defendant.

2. The testimony of the defendant's family physician, though negative in character, yet not being shown by the bill of exceptions to be too remote in point of time, might lawfully be admitted in answer to the evidence previously introduced and relied on by the plaintiff.

3. The bill of exceptions not showing what the matters were to which the defendant's wife had testified in his favor, and showing that no evidence had been offered of an attempt to procure a warrant against the defendant, and the strong bias and prejudice of the witness being admitted, it does not appear that the exclusion of the question put to her on cross-examination was beyond the legal exercise of the discretion of the presiding judge. *Commonwealth* v. *Shaw*, 4 Cush. 593. *Parmenter* v *Coburn*, 6 Gray, 509.

4. The evidence that the defendant some months before had slept one night in a house of ill fame might properly be excluded as immaterial.

5. The statement by the presiding judge in the instructions to the jury of what had been said of the nature of the action does not appear to have been justly open to exception as charging them in respect to matters of fact in violation of the Gen. Sts. *c.* 115, § 5. *Harrington* v. *Harrington*, 107 Mass. 329.

*Exceptions overruled.*