## JOHN COOK *vs.* LEON G. BARTLETT.

Hampshire.    September 17, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Evidence*, Proof of acknowledgment, Proof of law of foreign State. *Seduction. Damages. Practice, Civil*, Charging jury.

By the law of Vermont an instrument of adoption of a child is required to be acknowledged before the judge of probate of the district where it is filed.   A certified copy of such an instrument, introduced as evidence of adoption, showed the certificate of acknowledgment to be signed as follows : " Before me, Fred. G. Field, Notary Public " and below and a little to the left " Hugh Henry, Judge of Probate, Dist. of Windsor." The Vermont statute provides, that the instrument shall be recorded, " if it appears to the Probate Court that the provisions of the statute have been complied with." This instrument was recorded. *Held*, that there was nothing in the statute or in the record to give to the signature of the judge of probate any other meaning than that which it should have as evidence that the paper was acknowledged before him as required by the statute, and that the natural inference was that the judge knew that the law had been complied with by an acknowledgment before him.

What is the law of a foreign State is primarily a question of fact, but, so far as it appears in statutes and decisions which are not conflicting, the construction of the language is for the court.

In an action for seduction, the plaintiff cannot recover unless he shows a loss of services to which he was entitled, but, if his right to recover is established, his damages may include compensation for the injury to his feelings, and for the dishonor and disgrace brought upon him and his family.

Where the judge in charging a jury in an action for seduction used language which might seem to indicate that his opinion on the matters referred to was favorable to the plaintiff, and where it would have been better if his expressions had been more guarded, yet if taking the charge as a whole no intentional argument or expression of opinion appears, there is not a violation of Pub. Sts. c. 153, § 5, nor such error as would justify disturbing a verdict for the plaintiff.

TORT to recover for loss of services of Lilla B. Cook, the plaintiff's adopted daughter, by reason of her alleged seduction by the defendant.    Writ dated July 14, 1900.

At the trial in the Superior Court, before *Bond*, J., the defendant asked for the following instructions : 1. Upon all the evidence the plaintiff is not entitled to recover.    2. The plaintiff cannot recover unless physical injury causing impairment of health and consequent inability to render service was the proximate result of the defendant's act.    3. The plaintiff cannot recover for loss of services resulting from mental distress, unless

the mental distress causes impairment of health and consequent inability to render services and is the direct and immediate result of the defendant's act.    4. The plaintiff cannot recover unless there has been actual loss of service, the direct and proximate result of the defendant's act.    5. The plaintiff cannot recover unless there has been loss of capacity to render service, the direct and immediate result of the defendant's act. 6. The plaintiff cannot recover unless the jury is satisfied that his daughter was disabled from rendering service and that the defendant's unlawful act was the direct and immediate cause of her disability.    7. The plaintiff cannot recover for any shame caused to himself or his family.    8. The plaintiff cannot recover for loss of or injury to reputation of himself or family.    9. The plaintiff cannot recover for disgrace suffered by himself or family.    10. The plaintiff cannot recover for any dishonor to himself or family.    11. The plaintiff cannot recover on account of injury to the reputation of his daughter.    12. The plaintiff cannot recover exemplary, vindictive, or punitive damages.    13. There is no evidence that Lilla B. Cook was ever legally adopted by the plaintiff.    14. The plaintiff cannot recover for anything except loss of Lilla's services.    15. There is no evidence that the articles of adoption were acknowledged in accordance with the laws of Vermont.

The judge against the defendant's exception refused to give these rulings and gave other instructions which the court holds to have covered in substance the second, fourth, fifth and sixth requests, and the third, which is also held to be immaterial.

The judge's charge contained the following passages, which were excepted to by the defendant:

"Now you have a right to consider the probability with reference to such testimony, whether the father and mother by adoption of this young woman would have any reason whatever to bring this young woman here to testify in this case, if it was not true, merely to get some money.    You have a right to take into consideration the testimony with reference to the relation that had existed between these people and this young woman.    She had lived with them.    I think it was the mother who said they took her when she was twelve or fifteen months old.    The young woman herself says she never knew any other home.    They

brought her up, they took care of her, and you have seen something of the way she had been treated, and you may say what the probability is, whether they would bring her here to testify to her own disgrace for the sake of a sum of money, perhaps not exactly selling the girl, but selling all they could ever take any pride in, in the child."

" There is one matter that I desire to call your attention to with reference to this case that makes this class of cases extremely important. In this Commonwealth we all of us take pride in believing that we live under the law, that we settle our difficulties under the law, and not, as we sometimes say, by taking the law into our own hands. In some localities in this Union this case would never have been heard of in the civil or criminal court. Probably one of the parties would not have lived to be tried anywhere for any offence. But that is not the way we do in this Commonwealth. . . . It does not do any good, it is of no advantage to find a verdict against a party who is not guilty, but it is of importance that the jury should feel that it is of some service to the community, where the party is guilty, that they should say so by their verdict."

The jury returned a verdict for the plaintiff in the sum of $800; and the defendant alleged exceptions.

*C. G. Gardner*, for the defendant.

*S. S. Taft*, for the plaintiff.

KNOWLTON, J. The defendant's first contention is that there was error in permitting the jury to find on the evidence that Lilla B. Cook was legally adopted as the plaintiff's daughter under the laws of Vermont, where the parties resided at the time of the adoption. Under the law of that State the instrument signed and sealed by the adopting parents, and by a parent, guardian or representative of the child, must be acknowledged before the judge of probate of the district where it is to be filed. The certified copy of the record shows that the proceedings followed the statute exactly, unless the signatures below the certificate of acknowledgment fail to show an acknowledgment before the judge of probate. The certificate is in the prescribed form, but after the words, " Before me," we have two official signatures, as follows : " Fred. G. Field, Notary Public," " Hugh Henry, Judge of Probate, Dist. of Windsor," the last appearing

in the copy of the record below the first and a little to the left of it.   We find nothing in the statute or in the record to give to this signature of the judge of probate any other meaning than that which it should have as evidence that the paper was acknowledged before him as required by the statute.   Moreover, the statute provides that the instrument shall be recorded, "if it appears to the Probate Court that the provisions of the statute have been complied with."   This instrument was recorded. The natural inference is that the judge knew that the law had been complied with by an acknowledgment before him.

What is the law of a foreign State, is primarily a question of fact, but so far as it appears in statutes and decisions which are not conflicting, the construction of the language is for the court. *Wylie* v. *Cotter*, 170 Mass. 356.   *Ufford* v. *Spaulding*, 156 Mass. 65.   *Bride* v. *Clark*, 161 Mass. 130.   Whether enough appears in the record and statutes introduced in this case to justify an instruction as matter of law that upon the undisputed facts the child was legally adopted, we need not decide.   The instruction submitting the question to the jury was sufficiently favorable to the defendant.

The defendant's second, fourth, fifth and sixth requests for instructions were covered by the charge.   Although the words "direct" and "proximate" were not used, the jury were told repeatedly in different forms of expression, that in order to return a verdict for the plaintiff they "must be satisfied that the inability to render the services was due to the seduction."

The third request was not founded on any evidence in the case.   There was no testimony indicating that the plaintiff lost services of his daughter on account of her mental distress, or that she suffered mental distress.   Moreover, the instructions given permitted the plaintiff to recover only for loss of services which occurred by reason of the seduction.

The seventh, eighth, ninth, tenth, eleventh and fourteenth requests for rulings are all founded on the contention of the defendant that if the plaintiff established his right to recover, the damages allowed were to be confined to compensation for loss of services.   But this is not the law.   The plaintiff in such an action cannot recover unless he shows a loss of services to which he was entitled ; but if his right to recover is established,

his damages may include compensation for the injury to his feelings, and for the dishonor and disgrace brought upon himself and his family. *Phillips* v. *Hoyle*, 4 Gray, 568. *Treanor* v. *Donahoe*, 9 Cush. 228, 229, 230. *Stowe* v. *Heywood*, 7 Allen, 118, 122. *Hatch* v. *Fuller*, 131 Mass. 574.

The remaining exceptions are to two paragraphs in the charge, on the ground·that they tended improperly to influence the jury by way of argument and by an expression of opinion, and that they were a violation of the Pub. Sts. c. 153, § 5, which forbids judges to charge jurors with respect to matters of fact. In these paragraphs there is language which might seem to indicate that the opinion of the judge on the matters referred to was favorable to the plaintiff. We think it would have been better if the expressions had been more guarded; but when we consider the instructions as a whole, and read this language in connection with other parts of the charge, we are of opinion that no intentional argument or expression of opinion appears, and that there is no such error as would justify us in disturbing the verdict. See *Harrington* v. *Harrington*, 107 Mass. 329; *Morrissey* v. *Ingham*, 111 Mass. 63.

*Exceptions overruled.*