MARGARET BURNS *vs.* JAMES DONOGHUE.

Hampden.   September 23, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Bastardy.   Practice, Civil,* Charging jury.

In a bastardy process under R. L. c. 82, the complaint was made in a lower court
before the child was born, a supplemental complaint being filed in the Supe-
rior Court after the birth of the child, and it did not appear that the complainant
had made any accusation before that contained in the complaint to the magis-
trate.   The complainant was asked whether "from the first" she had accused
the defendant of being the father of the child, and said that she had, and the
complainant's mother was asked whether she ever had heard her daughter accuse
any person other than the defendant of being the father of her child, and said
that she had not.   *Held,* that the words "from the first" must be taken to refer
to the accusation made before the magistrate, and that there was no error in ad-
mitting the evidence to show constancy in accusation, for the purpose of laying
a foundation for the admission, under § 16 of the statute, of an accusation by the
complainant in the time of her travail which subsequently was testified to by
the complainant and her mother.

An illustration in the charge of a presiding judge in a bastardy case, to show that
a complainant might be believed as to the material facts in such a case without
the jury accepting her whole story, was held to give no ground for exception,
where there was nothing which fairly could be construed as manifesting an
intention on the part of the judge to give his own opinion as to the credibility of
the witness.

COMPLAINT for bastardy under R. L. c. 82, signed and sworn
to in the Police Court of Holyoke on February 4, 1902.   Sup-
plemental complaint filed in Superior Court on October 28,
1902.

At the trial in the Superior Court before *Mason,* C. J., the
jury returned a verdict of guilty; and the defendant alleged
exceptions.

The illustration in the judge's charge excepted to by the de-
fendant was the second of the illustrations contained in the
following portion of the charge: "Now, it is not true that be-
cause a witness is inaccurate as to some of the circumstances
and incidents connected with the story, the story is necessarily
false as to the main fact.   Illustrations might be given without
number, of this principle.   If one of your friends tells you that

he has been fishing and proceeds to tell you how many fish he caught, and what they weighed, you may distrust somewhat the accuracy of his count, or the correctness of his scales, without disbelieving the main fact that he went fishing. The weight or significance of such discrepancy is always a question of fact. It may be such as to induce distrust of the whole story, but it is not necessarily so.

" Now, in further illustration, any one having experience in this kind of a case, knows that it is a very common thing for the complainant to cling to the story that she was forced, that the connection by which the child was begotten, was, in fact, a rape. Now jurors, in finding a defendant guilty, do not always accept that portion of the story. The obvious explanation of the reluctance of a complainant to admit that the connection was voluntary, furnishes ordinarily all the explanation that would be required with reference to a statement of that kind, and the jury might well, and in many instances undoubtedly have, accepted the truth of the main statement without accepting as perfectly accurate, the recital of how it took place. But all this is a matter of fact for you to weigh as men of common experience in the world. You are to test the stories and determine what is true. The issue before you is simply as to the paternity of the child, not whether all that has been said about it is true, but whether, on the whole testimony, it is clear that this defendant is the father of this child. If he is, there should be a verdict of guilty; if you are not satisfied on this point, there should be a verdict of not guilty."

The case was submitted on briefs at the sitting of the court in September, 1903, and afterwards was submitted on briefs to all the justices.

*C. T. Callahan*, for the defendant.

*J. R. Callahan*, for the plaintiff.

MORTON, J. This is a bastardy complaint. There was a verdict of guilty and the case is here on exceptions to the admission of testimony, and to the charge.

1. The first exception was to the admission of the question put to the complainant, " Now, from the first, have you accused Donoghue of being the father of the child ? " To which the witness answered, " Yes, sir, I have." The question and the answer

were admitted subject to the defendant's exception to show constancy of accusation. The next exception was of a like nature. The complainant's mother was asked if she had ever heard her daughter accuse any other person than the defendant of being the father of the child and she said that she had not. This question and answer were also admitted as tending to show constancy. It appeared that a complaint was made in the lower court before the child was born and that a supplemental complaint was filed in the Superior Court after the birth of the child. The statute provides that, " If, upon examination under the provisions of section one and also in the time of her travail, she accuses the same man of being the father of the child of which she is about to be delivered, and continues constant in such accusation, her accusation in time of travail may be put in evidence upon the trial to corroborate her testimony." R. L. c. 82, § 16. That is, as we construe the statute, if the complainant has in the time of her travail accused the same man of being the father of her child whom she accused in the examination before the magistrate, and has continued constant in such accusation from the time of such examination, her accusation in time of travail may be put in evidence. In the present case, it is plain, that the testimony that was objected to was introduced for the purpose of laying a foundation under the statute for the introduction of the accusation in time of travail by the complainant which was subsequently testified to by herself and her mother. There was nothing to show that the complainant had made any accusation prior to that contained in the complaint to the magistrate, and the words " from the first" in the question that was put to her and objected to must be taken to refer to the accusation thus made. For the same reason, namely, that there was nothing to show that the daughter had ever made any accusation against anybody before that contained in the complaint, it cannot be said that the question to and answer of the mother were wrongly admitted.

2. The remaining exception relates to an illustration that was used in the charge, and the objection is that what was said constituted a charge upon the facts. The illustration was used for the purpose of directing the attention of the jury to considerations which as men of the world they might properly take into account as bearing on the credibility of the story told by the

complainant of the circumstances under which as she claimed the child was begotten. There was nothing which could fairly be construed as manifesting an intention on the part of the Chie Justice to throw into the scale on one side or the other the weight of his opinion on the question of credibility, which is what the statute was designed to prevent. See *Cook* v. *Bartlett*, 179 Mass. 576, 580 ; *Haskell* v. *Cape Ann Anchor Works*, 178 Mass. 485, 488 ; *McKean* v. *Salem*, 148 Mass. 109, 114 ; *Commonwealth* v. *Clifford*, 145 Mass. 97 ; *Commonwealth* v. *Hayes*, 114 Mass. 282 ; *Morrissey* v. *Ingham*, 111 Mass. 63 ; *Harrington* v. *Harrington*, 107 Mass. 329 ; *Durant* v. *Burt*, 98 Mass. 161, 168. A majority of the court think that the exceptions on this branch of the case also should be overruled.

*Exceptions overruled.*