## Rollo et al., Appellants, *v.* Bell.

*Res adjudicata—Adoption—Refusal to vacate decree of adoption —Ejectment.*

In an action of ejectment where the defendant claims title as the sole heir of her adopted mother under a decree of adoption, the defendant is entitled to recover, where it appears that the

504        ROLLO et al., Appellants, *v.* BELL.

plaintiff had previously petitioned the court to vacate the decree of adoption, alleging the same objections to its validity as raised at the trial of the ejectment; that the plaintiff and defendant were the sole parties to this proceeding; that the court refused to vacate the decree; and that no appeal was taken from the refusal within the statutory period. In such a case the validity of the adoption is res adjudicata in the ejectment suit.

Argued September 30, 1919. Appeal, No. 80, Oct. T., 1919, by plaintiffs, from judgment of C. P. Venango Co., Aug. T., 1916, No. 55, on verdict for defendant in case of Margaret Rollo, widow of Charles A. Rollo, deceased, and John M. Sykes and Robert F. Glenn, executors of last will and testament of Charles A. Rollo, deceased, v. Mazie E. Bell. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment for land in the City of Franklin. Before CRISWELL, P. J.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John L. Nesbit,* with him *Robert F. Glenn,* for appellant.—A void decree can be collaterally attacked and it is never too late so to do: Simpson's Est., 253 Pa. 217.

Even if the original decree should be held not void but voidable we contend that the rule of res adjudicata is not binding on these plaintiffs: Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Matawan Tile Co. v. Russo, 69 Pa. Superior Ct. 464; Eichert v. Schaffer, 161 Pa. 519.

*Quincy D. Hastings,* for appellee.—The case is res adjudicata: Hibshman v. Dulleban. 4 Watts 183; Lewis v. Nenzel, 38 Pa. 222; Bolton v. Hey, 168 Pa. 418;

Ahl's Assigned Est., 171 Pa. 317; Allen v. International Text Book Co., 201 Pa. 579.

OPINION BY MR. CHIEF JUSTICE BROWN, January 5, 1920:

Both parties to this issue claim title to the land in dispute from Ella K. Rollo, deceased. She died seized of it April 1, 1905, intestate and without issue. Her husband, Charles A. Rollo, survived her and died May 20, 1916. Mazie E. Bell, the appellee, formerly Hines, and now the wife of W. S. Bell, claims title by descent from Ella K. Rollo, as her sole heir, under a decree of the court below of March 25, 1889, by which she alleges she became the adopted child of Mrs. Rollo and her husband. Shortly after the death of his wife, the husband acquired a deed from her collateral heirs for all the lands of which she died seized. He subsequently remarried, and by his will, dated April 21, 1914, in which he named John M. Sykes and Robert F. Glenn, two of the appellants, as executors, he devised the land in question to his wife, Margaret Rollo, the other appellant. In 1917 she petitioned the court below to revoke the decree of adoption under which the appellee claims title, and her petition was dismissed July 25th of that year. No appeal having been taken from its dismissal, the validity of the adoption of the appellee was held by the court below to be res adjudicata in this issue, and a verdict was accordingly directed for the defendant. The correctness of this direction, under the undisputed facts in the case, is the one question before us.

Margaret Rollo is the only real plaintiff in the case, the executors of the will of Charles A. Rollo having absolutely no interest in it. If she is entitled to recover, it is as devisee of Charles A. Rollo, but if Mazie E. Bell was legally adopted by him and Ella K. Rollo as their child, the land in dispute vested in her as the sole heir of the adopting mother, subject to the life estate of the adopting father. The issue is strictly between

Margaret Rollo and the appellee, and the only question involved in it is the validity of the latter's adoption. In the petition presented by the appellant to the court below, asking that the decree of adoption be revoked, she specifically set forth the reasons for asking for its revocation, and the very same reasons against the validity of that decree were renewed on the trial in the court below and are urged on this appeal. The question before the court, on appellant's petition to revoke, the answer to it and the testimony taken, was the precise question she now again raises. She and the appellee were the sole parties to the proceeding to revoke, which was instituted in the proper court. In an elaborate opinion filed June 2, 1917, the court, after considering all the objections urged by the appellant against the decree of adoption, refused to revoke it, and found from the evidence in the case that Ella K. Rollo had regarded herself, and the court had also regarded her, in the adoption proceeding, as being one of the adopting parents. In so holding the court referred to the failure to comply fully with the terms of the statute, and criticised the record of the adoption as being discredited; but, having found that the intention of Ella K. Rollo was to adopt, sustained her adoption of the appellee on the authority of Peterson's Est., 212 Pa. 453. To this disposition of the question of the validity of the appellee's adoption, raised directly by the appellant in a proceeding instituted by herself for that purpose, in the proper court, no exception was filed, and from it no appeal was ever taken. After the expiration of the statutory period within which an appeal could have been taken, the court's decree became as binding as if an appeal had been taken and the decree dismissing the petition to revoke had been affirmed by this court. That order, as appears from the opinion of the court directing it, established the validity of appellee's adoption and became the law as between her and the appellant in the latter's assertion of the right which she now sets up, even if the

dismissal of the petition to revoke might have been re-
versed on appeal: Myers et al. v. Kingston Coal Com-
pany, 126 Pa. 582; Marsteller v. Marsteller, 132 Pa.
517; Haneman v. Pile et al., 161 Pa. 599; Bolton v.
Hey et al., 168 Pa. 418; Schwan et al. v. Kelly et al., 173
Pa. 65; Bell v. County of Allegheny, 184 Pa. 296; Pu-
laski Avenue, 220 Pa. 276; Bowers's Est., 240 Pa. 388;
Shaffer v. Wilmore Coal Company, 246 Pa. 550. We
need say nothing more in dismissing the assignments.

Judgment affirmed.