IN RE AGNES EDNA CAMP.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 3, 1920.

*Adoption of Minors—Proceedings to Vacate Adoption.*

1. The adoption of minors exists in common-law states only by
   statute.
2. When an instrument adopting a minor is executed and filed as re-
   quired by statute, the adoption becomes effective, and the
   status of the minor is completely changed, without the ap-
   proval or action of the probate court.
3. The question of the probate court's jurisdiction is not involved
   in proceedings by a parent, under G. L. 3760, to have the adop-
   tion of a minor vacated because the adopters were not resi-
   dents in the probate district where the instrument of adoption
   was filed; the validity of the attempted adoption depending
   upon the question whether the instrument of adoption was
   executed and filed as required by law.
4. G. L. 3760 does not require the probate court to dispose of a
   petition to vacate the adoption of a minor according to the
   strict rules of law, the petition being addressed to the court's
   discretion.
5. The filing of an instrument of adoption in the wrong probate dis-
   trict was a sufficient defect in the adoption proceedings to
   warrant the probate court in vacating the adoption.
6. The order of the probate court, vacating an adoption, that "it is
   found that the probate court for the district of Windsor was
   without jurisdiction and the adoption is hereby vacated," con-
   strued, in support of the decree below, to mean no more than
   that the court referred to was not the court in which the in-
   strument of adoption should have been filed.

APPEAL from a decree of the probate court for the District
of Windsor, Windsor County. Petition by Archie J. Camp,
father of Agnes Edna Camp, a minor, to the probate court for
the District of Windsor, praying that her alleged adoption by

Arthur Lewis Dewmaw and Gertrude Florence Dewmaw be vacated. Upon hearing, the probate court decreed that the adoption be vacated. The Dewmaws appealed. The opinion states the case.

*Blanchard & Tupper* for the appellants.

*Collins M. Graves* for the appellee.

POWERS, J.   The law of this jurisdiction is such that when a resident desires to adopt a minor, he executes the instrument specified in G. L. 3761, and, when the same has been duly executed on behalf of the latter, files it in the office of the probate court of the district in which he, the adopter, resides. G. L. 3756. If it appears to the court that the law has been complied with, the instrument is to be recorded in the probate office. But a parent who had no notice of the proceedings may, within one year after receiving such notice, apply to such court to have the adoption vacated; and the court, after notice and hearing, may either vacate or affirm the same; and any interested party may appeal.   G. L. 3760.

On May 29, 1919, the appellants duly executed an instrument adopting Agnes Edna Camp, a minor.   They then resided in Bennington, and their residence was so stated in the instrument, while that of the minor was given as Springfield, Vermont. The instrument was executed on the part of the minor by Della Agnes Camp, her mother.   It was acknowledged before the judge of the Windsor Probate District, and filed and recorded in the office of his court.   On February 19, 1920, Archie J. Camp, the father of the minor, filed in that court his petition praying that the adoption be vacated, alleging therein that the adopters were, at the time of the adoption, residents of the Probate District of Bennington, and that he, the petitioner, had no notice of the proceedings.   Upon notice and hearing, the court found that the adopters were not residents of the Windsor Probate District and vacated the adoption.   The adopters appealed to this Court.

[1-3]   At the argument, and in the briefs, counsel have treated the case as one involving a question of the jurisdiction of the probate court.   But in our view, the question presented is not one of jurisdiction at all.   Adoption of minors was unknown to

the common law, and in common-law states exists only by statute. *In re Walworth's Estate*, 85 Vt. 322, 82 Atl. 7, 37 L. R. A. (N. S.) 849, Ann. Cas. 1914 C, 1223. The books show that some states require proceedings in court in order to make the adoption valid, but our State does not. To be sure, the statute makes the probate court the repository of the record of the instrument, but, until the petition to vacate is filed, its functions as a court are not called into action. It does not exercise any jurisdiction, which is the power to hear and decide. *State* v. *Wakefield*, 60 Vt. 618, 15 Atl. 181. When the instrument of adoption is filed, there is nothing to be heard and decided. The statute does not contemplate a juridical inquiry at that time. All the court is required to do is to scan the papers to see if the law has been complied with. Fraud, undue influence, and the welfare of the child, which all agree is of paramount importance, and which involves a broad inquiry into not only the character and situation of the adopters, but the advisability of the arrangement as affected by the varying circumstances of different cases—these are matters to which the court, under the statute, is not called upon to give attention. So far, the proceedings are contractual merely. They begin and end in the instrument executed as above. The adoption becomes effective, the status of the minor completely changed, without the approval or action of the court. A record of the instrument is not essential to its validity. This appears from the language of the statute. For it is therein said that "upon the proper execution and filing of such an instrument" the specified results follow. G. L. 3762. That judicial proceedings are not essential to the validity of such statutes is well established. *In re Peterson's Estate*, 212 Pa. 453, 61 Atl. 1005; note to *Van Matre* v. *Sankey*, 39 A. S. R. at page 211. The whole matter is one for the State, in the discharge of its duty as *parens patriæ*, to regulate through its Legislature as to it seems wise. It may provide for a proceeding in court or a simple ceremony like ours. It is not even necessary that the instrument shall be filed in any court. And for some years, our own statute provided that it should be filed and recorded in the town clerk's office. No. 8, Acts of 1870.

Is it not plain, then, that the question of the court's jurisdiction is not here involved? The validity of this attempted adoption depends upon the question: Was the instrument executed and filed as required by law? And this depends upon

whether the provisions of G. L. 3756 and 3757 are mandatory or directory.

[4, 5]  We need not pass upon this question.  The statute does not require the probate court to dispose of a petition to vacate according to the strict rules of law.  The petition is addressed to the court's discretion; for the language of the statute is that the court may, in its discretion, vacate or affirm the adoption.  The wisdom of this provision is obvious.  Adoption proceedings are in a class by themselves.  They affect the interests of the public as well as of the parties.  They involve the welfare of the child, and are frequently concluded without his knowledge or consent.  It is well that the Legislature has left in the probate court a wide latitude of discretion, to be exercised according to law, to be sure, but with due regard to the interests of the child.  The fact that the instrument before us was filed in the wrong probate district was a sufficient defect in the proceedings to warrant the court in vacating the adoption.  Beyond this, the case does not carry us.

[6]  We do not overlook the terms of the court's order: "Therefore it is found that the probate court for the District of Windsor was without jurisdiction and the adoption is hereby vacated."  In support of the decree below, we construe this to mean no more than that the court referred to was not the court in which the instrument of adoption should have been filed.

*Decree affirmed.  Let the result be certified to the probate court.*