IN RE SAMUEL SMITH'S WILL.

January Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed March 2, 1921.

*Adoption—Instrument Substantially Complying With Statutory Form—Presumption that Instrument Was Executed as Re- quired by Law—Wills—Adopted Daughter of Testator's Son not "Issue" of Such Son.*

1.   An instrument adopting a minor, executed and filed as required by statute, which does not use the word "minor," but gives the name of the person sought to be adopted, and later refers to her as "said child" in the sense of a young person of an age less than maturity, substantially complies with the statutory form, and on its face is sufficient.

2.   The instrument of adoption having been acknowledged before the probate judge and filed in the proper probate office as required by statute, it will be presumed that the instrument was executed as required by law, until the contrary is shown.

3.   Under a will leaving property for children, with the direction that when either of the children should decease leaving issue, the share of the deceased should be expended for the support of such issue, the adopted daughter of a deceased son did not take as his "issue," in the absence of words in the will show·

ing that the testator used the word "issue" to include persons other than his own lawful, lineal descendants.

APPEAL from an order of the probate court for the District of Windsor.

Statement of agreed facts. Samuel Smith of Chester in the County of Windsor, having deceased, his last will and testament, executed on June 3, 1864, was duly allowed and probated on September 6, 1864. He left surviving him a widow, Laura Smith, three daughters, a son, George S. Smith, and a grandson. The widow, the four children, and the grandson, were severally given specific legacies under said will. Following such legacies, the will contains the clause:

"And lastly, I place all the rest and residue of my estate, both real and personal, in the hands of Granville I. Spaulding of said Chester, upon the trusts that the said Spaulding shall have the charge, oversight and management of all said estate, and pay over to my wife, Laura, for her comfortable maintenance and support, all the income, profit, and interest arising therefrom, annually, during the life of the said Laura * * *. And upon the further trust, after the decease of my said wife, the annual income of all said estate, shall be paid over to my four children above named, for their comfort, maintenance and support during their natural lives, and that of the survivor of them, share and share alike. And further that when either of my said children shall decease leaving issue, the share of said deceased, shall be expended for the support of such issue."

The trust thus created has been carried out according to its terms, and the petitionee, H. H. Blanchard, is the present duly appointed trustee of the trust fund.

George Sumner Smith, one of the testator's children mentioned in said will, received his share of the income after the death of the widow, Laura, until his decease on the 21st day of January, 1918.

On March 28, 1899, the following instrument was duly recorded in the records of the probate court for the Windsor Probate District:

"State of Vermont,⎱              Adoption.
   District of Windsor, ss. ⎰

"Be it remembered that at Springfield, in the County of Windsor and State of Vermont, this 28th day of March, A. D. 1899, Viola Chapell, of Springfield, in the County of Windsor and State of Vermont, formerly of Boston, in the County of Suffolk, is hereby adopted and made heir-at-law of George S. Smith and Lydia M. Smith, husband and wife, of Springfield, in the County of Windsor and State of Vermont, and said adopted person shall hereafter bear the name of Emma Louise Smith. It is part of this agreement that said child shall be well educated and be the legal heir to the property of said George and Lydia.

(Signed)   GEORGE SMITH     (Seal)
           LYDIA M. SMITH    (Seal)
           W. H. COBB        (Seal)
                        First Selectman of the
                        Town of Springfield.

"State of Vermont      ⎱
   District of Windsor, ss ⎰

"At Springfield in said District this 28th day of March A. D. 1899, personally appeared George S. Smith and Lydia M. Smith and W. H. Cobb, First Selectman of the Town of Springfield, and acknowledged the foregoing instrument by them sealed and subscribed to be their free act and deed.

Before me,

FRANK A. WALKER,
                        Judge of Probate.

A true copy, attest."

The foregoing purported to be the instrument of adoption of Viola Chapell by said George Sumner Smith and his wife Lydia. Viola took the name of Emma Louise Smith and went to live with the said George Sumner Smith in the year 1899, and continued to live with him until the time of his death. She has since been married to one Louis Basso, and is the petitioner in this action. George Sumner Smith, at the time of his death, was a widower and had no other children. Emma Louise Basso was six years of age at the time of her adoption, March 28, 1899, being born June 20, 1892.

A hearing being had before the probate court February 24, 1920, on the question whether the said Emma Louise Basso is entitled to George Sumner Smith's share in the income of the

Samuel Smith trust fund, under the term "issue," the court found that she is entitled to such share in said income, and ordered that the trustee pay over to her such share of the income now accruing and to become accrued.

The appellants bring the case to the Supreme Court on appeal from this order and decree.

*H. H. Blanchard* and *H. G. Tupper* (*E. C. Dufficy* on Brief) for appellants.

*John H. Mimms* for appellee.

WATSON, C. J.   The statute required the instrument of adoption to be filed in the office of the probate court of the district in which the person making the adoption resides, being a resident of the State, and that such instrument should be signed and sealed by each party and acknowledged by each before the probate judge in whose office it is filed.   But in the instance under consideration, the person, Viola Chapell, sought to be adopted, being a minor—she was then only six years of age—the instrument of adoption was to be signed, sealed, and acknowledged on her part by one of her parents, or, if under guardianship, by her guardian; and if the minor had no parent or guardian, or her parents or guardian had abandoned her care and support, or was, in the opinion of the probate court, incompetent to have the care and custody of her, the instrument of adoption could, with the consent of the probate court, be signed, sealed, and acknowledged on the part of the minor by the first selectman of the town in which she resided.   G. L. 3757.

It should be borne in mind that adoption by agreement under the provisions of the statute, is not judicial in nature, and so what is commonly said as to the necessity of jurisdictional facts appearing on the face of the record, has no application.   *In re Camp,* 94 Vt. 455, 111 Atl. 565.   The question more particularly is:   Were the papers executed in such substantial compliance with the form prescribed by statute as legally to effectuate the purpose intended?   *Bancroft* v. *Heirs of Bancroft,* 53 Vt. 9.

[1]   The word "minor" is not used in the agreement of adoption; but the name of the person sought to be adopted is there given, and she is later referred to in the body of the instrument as "said child".   The context *prima facie* shows the word

"child" to be there used in the sense of a young person of an age less than maturity, in other words, a minor, as distinguished from a person of age who may be adopted under the provisions ·of the preceding section of the statutes. We think the agreement of adoption in this respect is in substantial compliance with the prescribed form, and on its face is sufficient. *Abney* v. *De Loach,* 84 Ala. 393, 4 South. 757.

It is further urged that the record (of adoption) ought to show why a selectman signed the adoption paper, instead of a parent or guardian. The statute had the further provision that "if it appears to the probate court that the law has been complied with, such instrument shall be recorded in the probate office where it was filed." V. S. 2861, now G. L. 3762. The instrument in question was signed and sealed by the parties, on the part of the minor by the first selectman of the town in which she resided, and, being so sealed and subscribed, it was acknowledged before the judge of probate, in due form required by law. It was then recorded in the probate office where filed.

[2] The acts performed by the judge of probate, although ministerial, were of an official nature, and the execution of the instrument having been in a manner to be had only in certain circumstances specified by statute, and with the consent of the probate court, and the instrument being recorded in the probate office where filed, we think a case is presented where, clearly, the principle applies that everything is presumed to be rightly performed until the contrary is shown. *State* v. *Potter,* 52 Vt. 33; *McKillop* v. *Burton's Admr.,* 82 Vt. 403, 74 Atl. 78; *In re Hunt,* 85 Vt. 345, 82 Atl. 178. See *Cook* v. *Bartlett,* 179 Mass. 576, 61 N. E. 266, involving compliance with the provisions of the same statute of this State.

[3] Under the adoption Viola took the name of Emma Louise Smith, and became the legal heir to the property of the adoptors. She went to live with her adoptive father in the year 1899, thence continuing to live with him until his death in 1918. He left no wife surviving him, and no child other than the said Emma Louise, now by marriage Emma Louise Basso.

Respecting the right of inheritance, it has been held that the words "between the parties," in the section of the statute declaring the effect of adoption, are intended to limit such right of the adopted person to inherit from the adoptor or adoptors, and to this end they in effect negative any right to inherit by

right of representation. G. L. 3762; *In re Walworth's Est.*, 85 Vt. 322, 82 Atl. 7, 37 L. R. A. (N. S.) 849, Ann. Cas. 1914 C, 1223. For twenty-five years preceding the making of said will the statute was, and hitherto has been, that the word *issue*, as applied to the descent of estates, personal as well as real, shall be construed to include all the lawful, lineal descendants of the ancestor. R. S. Chap. 4, Sec. 7; G. L. 11. And not until twenty-eight years after the testator's death was the child Viola Chapell born. However, the statutes to which reference is here made, and the facts mentioned in connection therewith, are significant only as they bear on the construction to be given to the testamentary clause in question, as to which the intention of the testator is to govern. There is nothing in the will indicating that he had in contemplation the possibility that any one of his children therein mentioned would die leaving an adopted child surviving; nor that by the provision whereby, if any of his said children should decease "leaving issue, the share of said deceased shall be expended for the support of such issue," he intended the word "issue" to include any person or persons other than those who would be entitled to take under the statute of descent, namely, his own "lawful, lineal descendants." We think the rule that a gift of personalty to "heirs" merely is primarily to be held to be to those who would be entitled to take under the statute of distributions (*Hodges* v. *Phelps*, 65 Vt. 303, 26 Atl. 625; *In re Irish's Will*, 89 Vt. 56, 94 Atl. 173, Ann. Cas. 1917 C, 1154), should be applied here; and by it, in the absence of words in the will showing that the testator used the word "issue" in a sense different from that above indicated, he is presumed to have used it in that sense. *Staymen* v. *Paxson*, 221 Pa. St. 446, 70 Atl. 803; *Jenkins* v. *Jenkins*, 64 N. H. 407, 14 Atl. 557.

It follows that Emma Louise Basso is not entitled to any part of the income of the Samuel Smith trust fund, and the decree below cannot be sustained.

*Decree reversed, and cause remanded to the probate court for further proceedings in accordance with the views here expressed. Let the appellants recover their costs of this appeal.*