Moynihan *v.* Jacobs.

---

CATHERINE T. MOYNIHAN & another *vs.* ESTHER S. JACOBS.

Hampden.    November 8, 1962. — December 3, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Charge to jury.

In the light of the whole charge to the jury in an action in which the judge
emphasized that it was solely the function of the jury to determine the
credibility of the witnesses and find the facts, a statement by the judge
that testimony by the defendant, reviewed by the judge, denying the
occurrence of an automobile accident on which the plaintiff's claim was
based had "not been assailed successfully by" the plaintiff's attorney
meant merely that the defendant's denial had persisted on cross-exami-
nation by the plaintiff's attorney and not that the defendant's testimony
was to be believed rather than the evidence for the plaintiff, and did
not constitute error as an expression of opinion on the facts contrary to
G. L. c. 231, § 81.

TORT. Writ in the Superior Court dated October 15,
1959.

The action was tried before *Wisnioski,* J.

*Robert J. Moran* for the plaintiffs.

*Robert A. Gelinas* for the defendant.

WHITTEMORE, J. The first count in this action of tort is
for injuries to Catherine T. Moynihan when the defendant
on January 27, 1959, caused her automobile to collide with
an automobile from which Mrs. Moynihan was alighting.
The second count is a claim for the husband's consequential
damages. The jury found for the defendant. The plain-

tiffs excepted to that part of the judge's charge which is in italics in the excerpt below. "Now . . . [the defendant] . . . denies coming in contact with the car. In fact, as late as the time the suit was brought . . . [when] she had to file some papers her reaction was that she . . . did not participate in any accident at all. She denied it. And you saw her here on the stand and you had a chance to look at her. The question is whether or not as you saw her, as you heard her, will you believe what she said, that she did not come in contact with that car. If you believe her, that is the end of the case. . . . [T]here is testimony that . . . [the defendant] went to . . . the home of Mrs. Moynihan, a week or somewhat later after the accident, and she had a talk with Mrs. Moynihan. And while there is a discrepancy about what happened there she said positively that she did not discuss — did not admit any accident — any hitting of the Moynihan car. And there it is. There is that testimony. *It has not been assailed successfully by Mr. Moran* [the plaintiffs' attorney] [emphasis supplied]. The woman steadfastly maintained that she did not hit that car. Now, the big job . . . is to sift the evidence . . . make up your mind which . . . you will believe or what parts of their story you will believe . . . because aside from being the sole judges of the facts you are the sole judges of the credibility of the witnesses . . . . You have a right to determine whether . . . one witness or another testified falsely or did not picture the story correctly . . . . You are the sole judges who will determine the truth of this situation."

The plaintiffs refer to other parts of the charge (*Cook* v. *Bartlett,* 179 Mass. 576, 580; *Ouillette* v. *Sheerin,* 297 Mass. 536, 542–544) as showing that the judge had been telling the jury that in his opinion the defendant's account was believable and the testimony favorable to the plaintiffs was unbelievable. The plaintiffs contend that, therefore, the jury would take it that in the words objected to (which followed so soon after the words "If you believe her, that is the end of the case") the judge was saying in effect that none of the evidence which Mr. Moran had adduced had overcome the weight and force of the defendant's persistent denials, or,

in the words of the plaintiffs' brief, it "was an expression of opinion which, if adopted by the jury, terminated adversely the claim of the plaintiffs." See G. L. c. 231, § 81. We disagree.

The judge, we think, was recalling to the jury that the defendant's denial of contact between the cars had persisted notwithstanding the cross-examination with which Mr. Moran had assailed it. The mention of the plaintiffs' attorney imports a reference to his examination, rather than to the evidence which constituted the case for the plaintiffs. In later words, the judge told the jury that their "big job . . . is to sift the evidence . . . make up your mind which . . . you will believe" and that "I cannot direct or suggest to you how you are going to find." We rule that, in the words objected to, he did not do so. In those words, the judge, within permissible limits, stated and emphasized, not his opinion, but rather a significant circumstance of the trial. The other words of the charge do not change the meaning of what was said at this point.[1]

---

[1] An earlier part of the charge was as follows: "Now, this is a rather strange case, for . . . [the defendant] . . . absolutely denies the occurrence of any accident for which she is responsible. She denies coming in contact with the . . . [other] car. . . . Mrs. Moynihan in describing her injuries certainly has shown that she must have been in a very, very poor condition, she must have been quite a nervous woman, to emerge from this experience . . . [with] the complaints that she has made here: loss of memory . . . lack of sensation . . . not being able to do any work at all for months, and being laid up, as she complains that she was. Certainly in the accident that she described I don't know of any blow that was struck or sustained which caused all these conditions. You will have to sift the evidence . . . and . . . determine for yourself whether . . . in the accident that she had, or she claims she had, it was possible for her to sustain all these injuries, for up to today she is complaining of the residuals of that injury. . . . [Y]ou must consider whether . . . it was possible to sustain injuries from the accident which she described . . . the injuries that she claims to have had. Now, she put on two doctors. You heard one . . . who had seen her before, in 1944, for a condition involving her stomach. And of course he showed you some pictures. The question is whether she had at the time of this accident any of the residuals of that condition . . . or whether she was completely, entirely well. . . . And then whether . . . it was possible from the injuries she sustained that she should go completely under and sustain such lasting hurts and injuries, not being able to do any work at all for months, not being able to go out on the street, and not being able to do many of the chores of her home responsibilities for a long time. I speak to you about these matters frankly, for although I am not taking any sides . . . the law . . . does not permit the Judge to inject himself . . . I am not giving you my views . . . I am absolutely neutral . . . whichever you find will be all right with me . . . I am entirely neutral on that point, — but in discussing the facts I of course feel no restraint, and I will discuss them with you."

We need not decide whether the judge's discussion of the plaintiff's claimed injuries was objectionable (see *Commonwealth* v. *Foran,* 110 Mass. 179, 180; *Cahalane* v. *Poust,* 333 Mass. 689) for there was no exception to that part of the charge.

Conceivably, in context the words objected to were subject to misconstruction. It would have been appropriate, by way of correction, for the judge to have emphasized that it was for the jury and not for the court to draw a conclusion on the weight of the testimony. Plaintiffs' counsel recognized this in making his objection. He said: "I ask that the part of the [c]harge where it was stated that Mr. Moran had not successfully assailed the testimony of Mrs. Jacobs be corrected, and the jury instructed. It is for the jury, not for the court." As noted, however, the judge had in the concluding part of the charge already restated the correct instruction. See *Whitney* v. *Wellesley & Boston St. Ry.* 197 Mass. 495. It would have been appropriate also to state that the particular words were not to be construed as the plaintiffs' attorney thought. But the circumstances did not make the omission error in law.

*Exceptions overruled.*