## ALICE H. AKESON *vs.* JOHN J. DOIDGE.

Middlesex. November 23, 1916. — January 10, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Bastardy. Evidence,* Declarations of complainant in bastardy process, Self-serving statements.

Under R. L. c. 82, § 16, at a trial under the bastardy process, where there is evidence that the complainant continued during the time of her travail to accuse the defendant of being the father of her child, her own testimony that she continued to accuse the defendant during her travail as well as the evidence of those who heard her is clearly admissible.

At a trial under the bastardy process it is error for the presiding judge to permit the complainant to testify that previous to her examination before the magistrate and several months before the time of her travail when she found that she was pregnant she charged the defendant in the presence of a physician and of her mother, and when the defendant himself was not present, with being the father of her unborn child.

COMPLAINT in bastardy process under R. L. c. 82, § 1, received and sworn to on December 18, 1911, in the First District Court of Southern Middlesex.

In the Superior Court the defendant was tried before *Brown,* J., and was found guilty. The defendant alleged exceptions to the admission of certain evidence, which are described in the opinion.

The case was submitted on briefs.

*J. W. McAnarney, T. F. McAnarney,* for the defendant.

*W. Adams & D. C. Ahearn,* for the complainant.

CARROLL, J. The complainant accused the defendant of being the father of her child born March 22, 1912. The complaint in the First District Court of Southern Middlesex, was made on December 18, 1911, and in October, 1915, in the Superior Court, the defendant was found guilty.

The complainant was a witness and testified that the defendant was the father of her child. Subject to the defendant's exception, she stated that on March 22, 1912, in the time of her travail, after her labor pains began and before the birth of the child, she accused the defendant of being the father. The doctor, her mother and a Mrs. Allen, who were present, corroborated her, the defendant excepting to their evidence.

The statute, R. L. c. 82, § 16, expressly provides that the accusation of the mother in the time of travail, may be permitted in evidence to corroborate her testimony, if she accuses the same man of being the father of her child at the examination under R. L. c. 82, § 1, and in her travail, provided she continues constant in such accusation. There was evidence to show the constancy of her accusation; her own statement that she continued to accuse the defendant during her travail, as well as the evidence of those who heard her, was clearly admissible. *Murphy* v. *Spence,* 9 Gray, 399. *Reed* v. *Haskins,* 116 Mass. 198. *Scott* v. *Donovan,* 153 Mass. 378.

The complainant was permitted to testify, subject to the defendant's exception, that in November, 1911, in the presence of Dr. Morse and her mother (the defendant not being present), when she found she was pregnant, she charged him (the defendant) with being the father of her unborn child. This evidence was not admissible. It did not come within the terms of the statute, nor was it admissible at common law. *Burns* v. *Donoghue,* 185 Mass. 71, does not support the contention of the complainant on this point. In that case the complainant was asked if, from the first, she accused the defendant of being the father of her child; and she answered in the affirmative. Her mother was asked if she had ever heard her daughter accuse any other person of being the father of the child; and she said she had not. This evidence was admitted as tending to show constancy by the complainant, and the words "from the first" were held to refer to the accusation before the magistrate, under R. L. c. 82, § 1. "Such accusation" in R. L. c. 82, § 16, refers to the accusation before the magistrate, and if constant in accusing the same man after this time the statute makes her accusation in time of travail evidence to corroborate her testimony.

In the case at bar the evidence objected to was a self-serving declaration made in the absence of the defendant; it was made on November 20, 1911, previous to her examination of December 18, 1911, before the magistrate, and not in the time of her travail. For the reason that this evidence of her statements on November 20, 1911, was erroneously admitted, the exceptions must be sustained.

*So ordered.*