## MANFROY v CRAIG-CURTISS CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11074. Decided Feb 9, 1931

Frank Morton, Cleveland, for Manfroy.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Craig-Curtiss Co.

**LEVINE, PJ:**

We are cited to four decisions which the plaintiff claims support his contention that, while Foster was returning from his employed commission on his way home, he may still be regarded as in the scope of his employment.

The Industrial Commission of Ohio v Dense, 14 Oh Ap, 224.

Ford Admrx. v Papcke, 26 Oh Ap 225.

State ex rel McCarthy Bros. Co. v District Court of Hennepin County (Minnesota) 169 N.W. 274.

Regan v John L. Kelly Contracting Company, (Mass.) 114 N.E. 726.

It is contended on the basis of these citations that the trial court cannot say as a matter of law that Foster while driving and operating his Ford coupe on the way home was not doing so in the scope of his employer's business, and that the better rule would be for the trial court to submit the question to the jury as a question of fact.

It is pointed out that Foster in going to and returning from his employer's office, was on his employer's errand; that having driven in his Ford coupe to his employer's office, at the direction and instruction of his employer, it became a necessary part of the same errand for Foster to return his car to the garage where he usually kept it and that the errand was not completed until the car was so returned.

It is conceded by counsel for defendant in error that had the accident happened while Foster was on the way to the office of the defendant in error, that liability would attach to the defendant company for Foster's negligence. It is urged, however, that after Foster delivered the paper and left the company's office, from then on he was his own master and not on the errand of his employer.

It is well that we analyze the doctrine of respondeat superior which is the basis upon which recovery is sought. As we see it, it is the theory of the law that when the employer has power and control over the acts of an employee that it becomes the duty of the employer to exercise such power and control so as to prevent injury to others from the negligent acts of the employee. The responsibility of the employer attaches to him because there is vested in him power and control over the acts of his employee. In other words power and responsibility go together. In every case where the doctrine of respondeat superior is sought to be invoked, justice requires that a careful inquiry be made into the question as to whether or not at the time of the negligent act by the employee the employer had legal power and control over such employee and that if it be found that he had no such legal power, and control over the acts of his employee no responsibility for the employee's act can justly attach to the employer.

Judging the present case in this light, it is quite clear that, when Foster delivered the papers to his employer's office and started on his way home, the employer had no legal power and control over the acts of Foster while on his way home. Foster could have driven to any destination he cared to, and the defendant company would have no legal right to control his actions, and since it clearly appears that the defendant company had no legal power or control over the action of Foster while on his way home, no responsibility can justly attach to it for such acts of Foster over which it had no power or control.

Holding as we do we are of the opinion that the trial court was correct in directing a verdict for the defendant.

WEYGANDT and VICKERY, JJ, concur.