## KROGER GROCERY & BAKING CO v EASTWOOD

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 6, 1933

Carlyle & Carlyle, Youngstown, for plaintiff in error.

J. N. Higley, Jr., and C. H. Dyson, Youngstown, for defendant in error.

**OPINION**

By FARR, J.

The first claim of error was that the verdict is not sustained by sufficient evidence and is contrary to law; second, the trial court erred in overruling the defendant's motion to direct a verdict both at the close of plaintiff's testimony and third, at the conclusion of all the evidence, to which defendant below excepted; and the fourth is that the court erred in overruling the motion for new trial. The first, second and fourth claims of error may be considered together.

Having in mind the matters testified to by the various witnesses, there is no dispute but that Eastwood was injured as he claims. He had momentarily stopped on this intersection. It was near an electric car line. A car was passing at the time that made some noise, of course, and that may have been the cause to some extent of Kotouc striking Eastwood. The real storm-center of this cause is in relation to a legal proposition, and it may be said in passing that the court would not be inclined to disturb this judgment on the weight of the evidence, nor is it believed that any of the first, second or fourth grounds of error assigned can avail here. The trial court was right in refusing a motion to direct a verdict. It is believed also that the value of this testimony was to be, and was fixed by the jury, and that it is not one of those cases in which a reviewing court may interfere, at least to the extent of reviewing the judgment on the weight of the evidence.

One serious question in the case, as before stated, is whether or not at the time of this injury Kotouc was in the line of his duty as an employe of the Kroger Grocery & Baking Company. It will be recalled that he owned the car; that he was paid forty-four dollars per month for its use in his business. It will also be recalled that at the time he was on his way to attend a meeting of the employes of the Kroger Company at some nearby point. It is disclosed in the evidence that he was to make an address to them upon that occasion. Does this situation result in the relation of principal and agent, and may the doctrine of **respondeat superior** be applied?

Attention has been called to a number of cases, among which is the case of **Manfroy v Craig-Curtis Co.**, 39 Oh Ap 91, (9 Abs 650). The first proposition of the syllabus reads as follows:

"Under 'respondeat superior' doctrine, employer, having power and control over employe's acts, must exercise power to prevent injury to others from employer's negligence."

No fault can be found with the announcement of the doctrine in the above case. It was a case where one Foster was employed to perform certain services for his employer. He furnished his own car, a Ford coupe, and on the evening in question he was telephoned to take certain papers to his employer. On the way home the accident happened for which recovery is sought. It

is readily discoverable that this case depended somewhat upon a different statement of facts, and yet the principle announced in the first proposition of the syllabi is correct and may be readily agreed to as applicable here.

Another case of interest is **Nagy v Kangesser, doing business as The K-B Company, 32 Oh Ap, 527.** The second proposition of the syllabus reads:

"Master can not be held liable for employe's injuries to third person unless employe's act is part of an actual duty connected with employment."

The foregoing is a clear statement of the principle to be applied in such cases and is made by the Court of Appeals of Cuyahoga County. However, an authority of more than passing interest is 2nd Cyclopedia of Automobile Law, by Blashfield, at page 1445, §5. That paragraph reads as follows:

"Liability of Master for Negligence of Employe in driving his own car. Under the rule stated, supra, the master is liable for injuries caused by a servant while driving his own automobile in the prosecution of his employment, though no express agreement in the nature of hiring the automobile is shown, if the circumstances warrant the inference that the master impliedly authorized its use."[7]

Perhaps the foregoing is one of the clearest statements of the rule to be applied in such cases that may be found anywhere. Another case of interest is Wilkie v Stancil et, 147 SE, 296. First it is held:

"Test in determining whether employer is liable for negligence of employe at time of injury, was acting within the scope of his employment or engaged in furtherance of employer's business.

Superintendent of store building injuring person while driving automobile from his home to store for the purpose of turning on lights for benefit and protection of employer in accordance with duty, held not to have been engaged in furtherance of employer's business at the time of injury so as to create liability of employer therefor."

The latter proposition of the sylalbus is perhaps the strongest statement as opposed to the matter of liability in this case that has been found, and yet having reference to the first proposition of the syllabus it becomes clear that it was not intended to change the well established principle that where an employe is about his master's business and an accident or injury occurs, that the master becomes liable. In the instant case, Kotouc had reached his home, perhaps after a day spent in the service of his master, but still another duty awaited him. That duty was to attend the meeting of the employee of his employer's Company, and probably to make an address to them, to have a "pep" meeting and compare notes and to consider the furtherance of the employer's interests. The only possible interest that Kotouc would have in the meeting was that he might remain upon his job in the employment of the Grocery Company, but that does not change the fact that he was still about his master's business. Everything that he did and said, so far as the record discloses, goes to show that he was in the employ of the Kroger Company at the time. His time was going on, his wages would be applied to the employment of this time, the forty-four dollars for the car, some portion of it might be applied to the use upon this particular night. Yes, it is said very opportunely that he might have walked and might have ridden the electric car and might have called a taxi and the accident have been avoided, but there was the implied permission at least upon the part of his employer that he could use the car for this purpose. Therefore he was permitted to do so without any violation of the conditions of his employment; in fact, in compliance with it.

Further discussion upon that question would seem superfluous and unnecessary. For the reasons given the conclusion is that Kotouc was in the course of his employment, he was about his master's business. It is insisted that the trial court erred in overruling the motion for a new trial. That will be disposed of by the conclusion in this case, other errors upon the face of the record prejudicial to the rights of the plaintiff in error. The real issues in the cause have been discussed and all of the assignments for error were examined with some degree of care, as much as we were capable of giving them, and we reach the conclusion that there is no ground upon which to reverse the judgment.

It is insisted that the verdict is excessive. Eastwood recovered $2,500.00. Returning for the moment to his injury, he was thrown to the pavement, his limb was broken in two places, cuts and bruises over his body. It was a considerable period of time before he could walk naturally and without the aid of crutches or a cane. It

could not well be said that this verdict is so excessive as to manifest either passion or prejudice, or both, and finding no error apparent upon the face of the record, it follows that the judgment must be affirmed, and it is so ordered.

Judgment affirmed.

POLLOCK and ROBERTS, JJ, concur in the judgment.