## STRINEKA v KROGER GROCERY & BAKING CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

Ruffalo & Wahl, Youngstown, for plaintiff in error.

Manchester, Ford, Bennett & Powers, Youngstown, for defendant in error.

## OPINION

By SMITH, J.

This case grows out of an automobile accident that occurred on September 24th, 1931, on Robinson Road, Campbell, Ohio. The case was tried in the Common Pleas Court. At the end of plaintiff's testimony, the court sustained a motion filed by the defendant and directed the jury to return a verdict in favor of the defendant. A motion for a new trial was filed and over-

ruled, and judgment entered for the defendant. This case comes into this court on error from that judgment.

The petition alleges the appointment of plaintiff as administrator; that the defendant is a corporation organized and doing business in the State of Ohio, engaged in the grocery and baking business, and among others, had a retail store located at 25-29 Twelfth Street in the City of Campbell; that in the conduct of its business it used and permitted to be used, a certain motor vehicle or automobile in the delivery of groceries and other products sold by it; that Robinson Road is a paved and much-used thoroughfare of the City of Campbell and runs substantially easterly and westerly; that on the 24th day of September, 1931, at about 7:30 P. M., decedent, a boy nine years of age, while crossing from the south side to the north side of Robinson Road, in the neighborhood of Sixteenth Street, was struck by a westbound motor vehicle being operated on behalf of the defendant company; that said boy was so badly injured that he shortly thereafter died. There are seven specifications of negligence; driving at a high, excessive and unlawful rate of speed; failing to keep a vigilant lookout; failing to give any warning; failing to have said automobile under control; failing to stop said automobile in time to avoid striking said decedent; failing to diminish the speed of the said automobile, thereby striking plaintiff's decedent; failing to deviate the course of the automobile, thereby avoiding striking said decedent.

The petition further alleges that the boy was in good health, and sets forth the names of the next-of-kin.

Defendant filed an answer, admitting the authority of plaintiff to bring the action; admitting its corporate capacity and business, the location of its store and the course of Robinson Road. As its first defense, it denies all other allegations, and as its second defense, pleads contributory negligence.

The facts as disclosed by the record are that Joe Piddick was the manager of said store; that Mike Doras was employed at said store; that Dan Piddick, a brother of the manager, had been working at the store that day, as he says "helping out." When asked if he were employed there, he said he did not know, that he was just there "helping out." About 6:30 P. M., at the time that the store closed, Joe Piddick instructed Mike Doras to take his, Piddick's automobile and to deliver certain orders of groceries, and after finishing such deliveries, to take Dan Piddick to his home and then to bring his car to a certain barber shop where he was going. The groceries were put in the car and Doras drove the machine and Dan Piddick made the deliveries of the groceries at the homes of the various people who had purchased them. The last delivery was made at 624 Tenney Avenue, about 7:15 P. M. Tenney Avenue runs east and west. Doras started to take Dan Piddick home, turned south on Piccadilly Street and continued on it to its intersection with Robinson Road. He then turned west on Robinson Road. This was the nearest route to the home of Dan Piddick. He continued west on this road until he had arrived near Sixteenth Street, when some boys who were playing hide-and-seek, ran across the street from south to north. Two of the boys passed in front of the machine but decedent was struck and received injuries from which he thereafter died.

## OPINION

By SMITH, J.

At the close of the plaintiff's testimony, defendant filed a motion for a directed verdict. The court sustained this motion and in doing so stated that he was basing his decision on the case of **Manfroy v Craig-Curtiss Company, 39 Oh Ap 91, (9 Abs 650).** The court said:

"This motion was sustained for the reason that there is not a scintilla of evidence shown that the driver of the car at the time of the accident was acting in pursuance of the defendant company's business. There is sufficient evidence showing that the driver of the car was an employe of the defendant and, in my judgment, showing that at the time of the delivery of the groceries, was acting within the scope of his employment, and, in fact, at the time of the accident might be said to be within the scope of his employment, but there is no evidence that at the time of the accident he was acting in pursuance of the defendant's business, and that is a necessary requisite to the liability of a master for a servant's act."

He then cites the Craig-Curtiss Company case, supra. The facts in that case differ from the facts in the instant case. In that case a Mr. Foster, superintendent of the defendant company's business, was at home recuperating from an illness. His employer called him by phone, requesting him to bring certain papers to the com-

pany's office. He used his automobile in going to the office and after delivering the papers, started home, and while enroute home came into collision with the plaintiff's car. The court held that the defendant company was not liable. The syllabus in this case is as follows:

"1. Under 'respondeat superior' doctrine, employer, having power and control over employe's acts, must exercise power to prevent injury to others from employe's negligence.

2. Liability of employer who paid upkeep on automobile of employe, who, having completed employer's errand, was going home when collision occurred, held insufficient for jury."

In that case, when the papers were delivered to the company's office, Foster's duties for the company ended. After leaving the office, his employer had no control over his actions. He might have gone home or any other place he might desire.

In the instant case the manager of defendant's store instructed Mike Doras, an employe, to deliver certain groceries and then proceed with the automobile to take his brother, Dan Piddick, home and then return the machine to him at the barber shop. The distinction between the Manfroy v Craig-Curtiss Company case and the instant case is that in the former case the employe had completed the performance of the duties assigned to him by his employer. In the instant case the employe had only performed a part of the duties covered by the instructions of the manager of this store, to-wit, the delivery of the groceries. At the time of the accident he was proceeding to deliver Dan Piddick to his home. Dan Piddick had been employed at the defendant's store that day and was at the time working overtime in assisting in the delivery of the groceries.

The car did not belong to the defendant, but it did belong to the manager of defendant's store. There is no question but what the automobile was being used in the business of the defendant in the delivery of the groceries. Was the automobile at the time of the accident being used in the business of the defendant in taking Dan Piddick, an employe, to his home? We believe this is a question for the jury and that the court erred in deciding it as a matter of law by sustaining the motion of the defendant to direct a verdict for the defendant.

The case of **Nagy v Kangesser, 32 Oh Ap 527,** is readily distinguishable from the instant case. We cite the following cases as being in point on this question: **Schreiber v Eidelman, Vol. 1 Mahoning County Appeals, 220;** Brown et v Montgomery Ward & Co., 286 Pac., 474; Auer, Executor v Sinclair Refining Co., 54 A.L.R., 623, et seq.

Having arrived at these conclusions, this case is reversed.

Judgment reversed.

ROBERTS and LYNCH, JJ, concur in the judgment.